Robert W. **RATLIFF**, Sr., Plaintiff,

v.

**SEARS, ROEBUCK AND CO.,** Defendant.

No. 5:95–CV–362–BO(2).

United States District Court,
E.D. North Carolina,
Western Division.

Oct. 23, 1995.

Ralph James Lore, Raleigh, NC, for plaintiff.

### ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the undersigned on plaintiff's motion to remand the case to Superior Court for Sampson County, North Carolina. The issues are twofold. First, whether plaintiff or any of the alleged class plaintiffs satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332 giving rise to subject matter jurisdiction. Second, whether the court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims of plaintiffs who do not satisfy the requirements for diversity-based subject matter jurisdiction. The court finds that defendant has not met its burden of proving that the court has subject matter jurisdiction over the claims of the named plaintiff or any of the potential class plaintiffs, and thus the court does not reach the second issue. Accordingly, plaintiff's motion is granted and the case is remanded to state court.

This putative class action arises out of alleged overcharges in revolving charge accounts issued by defendant. Plaintiff filed the complaint in state court, averring violations of North Carolina law. Plaintiff specifically pled in his complaint that his damages were less than $50,000 under any of the alternative theories of liability. Defendant removed the action to federal court, asserting diversity jurisdiction. Plaintiff now moves this court to remand the dispute for lack of subject matter jurisdiction, arguing that neither plaintiff nor any of the putative class plaintiffs are likely to satisfy the $50,000 amount-in-controversy requirement of 28 U.S.C. § 1332. Defendant counters that, at the very least, the named plaintiff will satisfy the jurisdictional requirement because he is potentially entitled to an award of attorneys' fees if successful on the merits of his claims.

The burden of proving that removal is proper is on defendant because it removed the case. *Griffin v. Holmes,* 843 F.Supp. 81, 84 (E.D.N.C.1993). As noted by the court in *Griffin,* the nature of that burden is the subject of much controversy where, as here, plaintiff pleads a sum less than $50,000. *See id.* The options are that defendant must prove the amount-in-controversy by a "legal certainty," a "reasonable probability," or a "preponderance of the evidence." *Id.* Because the court finds that defendant cannot satisfy the least onerous of these burdens, it is unnecessary for the court to determine which burden is appropriate.

Both sides concede that plaintiff's alleged compensatory damages amount to approximately $5000 at most under any of his theories of liability. Obviously, this amount falls far short of the statutory requirement for diversity jurisdiction. Furthermore, the law is clear that the claims of class members cannot be aggregated to satisfy the jurisdictional amount requirement. *Zahn v. International Paper Co.,* 414 U.S. 291, 300–01, 94 S.Ct. 505, 511–12, 38 L.Ed.2d 511 (1973).

Defendant argues, however, that jurisdiction exists because plaintiff is entitled to attorneys' fees under North Carolina law if he is victorious. Defendant estimates that plaintiff's attorneys' fees will exceed $45,000

due to the extensive legal work associated with certifying a class, responding to defendant's opposition to that certification, and discovery related to the class. Moreover, defendant contends that the attorneys' fees must be attributed to only the named plaintiff, rather than apportioned among all plaintiffs, thereby creating a potential recovery by the named plaintiff in excess of the jurisdictional requirement.

Assuming arguendo that defendant could sustain its contention that the attorneys' fees would amount to over $45,000, the court must determine whether the fees should be attributed to the named plaintiff or prorated among all class plaintiffs. Several courts have addressed this issue. In *Goldberg v. CPC Int'l, Inc.,* 678 F.2d 1365 (9th Cir.), *cert. denied,* 459 U.S. 945, 103 S.Ct. 259, 74 L.Ed.2d 202 (1982), the Ninth Circuit held that attributing the fees to the named plaintiff or treating them as a common fund would contravene the policy of *Zahn* that each plaintiff must satisfy the amount-in-controversy requirement. *Id.* at 1367. Accordingly, the court held that the fees must be prorated among all class members. *Id.*

In contrast, the Fifth Circuit in *Free v. Abbott Labs.,* 51 F.3d 524 (5th Cir.1995), *reh'g denied,* 65 F.3d 33 (5th Cir.1995), reached the opposite conclusion, relying on the text and commentary of the relevant Louisiana statute that provided for an award of fees to the "representative parties." *Id.* at 526–27. Thus, the court held that the substantive state law dictated that the fees be attributed to the named plaintiff. *Id.*

A recent decision in the District of Maryland also addressed the attribution issue. *Gilman v. Wheat, First Securities, Inc.,* 896 F.Supp. 507 (D.Md.1995). In *Gilman,* the court relied on *Goldberg* and distinguished *Free* to hold that attorney fees should be prorated among all class plaintiffs. *Id.* at 510. The court agreed with the reasoning of *Goldberg* that attribution of the fees to only the named plaintiff would violate the non-aggregation rule of *Zahn. Id.* Furthermore, the court found that the Maryland statute authorizing an award of attorneys' fees, unlike the law at issue in *Free,* did not provide that the fees should be awarded ex-

clusively to named plaintiffs in a class action. *Id.* at 510–512.

■ The court agrees with the decisions in *Goldberg* and *Gilman.* Attribution of the fees to only the named plaintiff would permit defendant to evade *Zahn's* prohibition against aggregation. Moreover, unlike the state statute in *Free,* the relevant North Carolina statutes do not contain language specifically providing for fees to "representative parties." Instead, the statutes provide for a "reasonable attorney fee to ... the attorney representing the prevailing party," N.C.Gen.Stat. § 75–16.1, or "reasonable attorney's fees incurred by the buyer," § 25A–44. Thus, any award of attorneys' fees as estimated by defendant will not provide the court with subject matter jurisdiction because the fees would be prorated among all members of the plaintiff class.

■ Defendant also argues that the court should consider the pecuniary result of the litigation from defendant's perspective, citing alleged discovery costs and the possibility of an injunction. Defendant estimates the discovery costs to be $3 million because plaintiff seeks information allegedly necessitating major changes in defendant's computer system and an exhaustive manual review of all credit records in the possession of defendant. Even if discovery is limited by court, defendant anticipates an expenditure of at least $50,000. Defendant's litigation costs, however, are not relevant to whether diversity jurisdiction exists. 28 U.S.C. § 1332. Section 1332 specifically provides that the amount-in-controversy must exceed $50,000 "exclusive of interest and costs." *Id.* Defendant further asserts that the jurisdictional amount is satisfied because plaintiff seeks to enjoin it from continuing, maintaining, or renewing its current credit practices. Even if the amount-in-controversy could be measured by reference to the pecuniary result of such an injunction, *see Government Employees v. Lally,* 327 F.2d 568, 569 (4th Cir.1964), defendant's complete failure to support its assertion leaves it far short of meeting its burden. Thus, the court cannot count defendant's estimate of its discovery costs or the possibility of an injunction toward the

**180**

amount-in-controversy requirement of diversity jurisdiction in this case.

In conclusion, the court finds that defendant has failed to prove by even a preponderance that the named plaintiff or any putative class plaintiff asserts a claim exceeding $50,000 in value as required under 28 U.S.C. § 1332. The court, therefore, lacks subject matter jurisdiction in this case. Accordingly, plaintiff's motion is GRANTED and the case is hereby remanded to Superior Court for Sampson County, North Carolina.