In re HIGH FRUCTOSE CORN SYRUP ANTITRUST LITIGATION.

This Document Relates to All Actions.

MDL No. 1087.
No. 95–1477.

United States District Court,
C.D. Illinois,
Peoria Division.

Aug. 22, 1996.

## ORDER

MIHM, Chief Judge.

Over the course of the last nine months, the Judicial Panel on Multidistrict Litigation transferred a number of cases to this Court pursuant to 28 U.S.C. § 1407. In each of these cases the Plaintiffs allege that they have been the victims of a price fixing scheme perpetrated by Defendants Archer Daniels Midland Co., Inc. ("ADM"), CPC International, Inc., A.E. Staley Manufacturing, Co., Cargill, Inc., and American Maize Company. Many of these cases were originally filed in state courts alleging only violations of state law. The Defendants removed these state court cases to federal court based on diversity jurisdiction, 28 U.S.C. § 1332. Pursuant to Fed.R.Civ.P. 23, on May 29, 1996, this Court certified a class of Plaintiffs who were direct purchasers of high fructose corn syrup. The class Plaintiffs have alleged that the Defendants' actions violated the Sherman Act, 15 U.S.C. § 1.

There are twelve cases in which the Plaintiffs have filed Motions to Remand. During oral argument on the Motions to Remand on August 1, 1996, counsel for the parties informed this Court that in ten of the cases the parties had stipulated that the Plaintiffs neither directly purchased HFCS nor satisfied the amount in controversy requirements set forth in § 1332.

Therefore, this Court GRANTS the following Motions to Remand: Abbott v. ADM, et al., Case No. 96–1337; Batson v. ADM, et al., Case No. 96–1333; Guzman v. ADM, et al., Case No. 96–1336; MCFH v. ADM, et al., Case No. 96–1282; Noldin v. ADM, et al., Case No. 96–1335; NuLaid Foods v. ADM, et al., Case No. 96–1334; Patane v. ADM, et al., Case No. 96–1287; Rainbow Acres v. ADM, et al., Case No. 96–1286; Ricci v. ADM, et al., Case No. 96–1283; and St. Stan's Brewing v. ADM, et al., Case No. 96–1206. Each of these cases is hereby REMANDED to state court. Additionally, counsel for Kagome Foods informed this Court that its Motion to Remand was withdrawn.

This leaves only one case with a Motion to Remand pending, Freda's v. ADM, et al., Case No. 96–1204. Freda's filed suit in West Virginia State Court alleging violations of the West Virginia Antitrust Act ("the Act"), W.Va.Code § 47–18–1, *et seq.* Defendant Cargill, Inc. ("Cargill") removed the case to the United States District Court for the Southern District of West Virginia alleging diversity jurisdiction under 28 U.S.C. § 1332. This Court has thoroughly reviewed the pleadings and heard oral argument from counsel. For the reasons set forth herein, this Court GRANTS the Motion to Remand.

### Discussion

■ Under 28 U.S.C. § 1441, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." As noted, Cargill removed this action pursuant to § 1332. Section 1332 requires diverse citizenship of the parties and an amount in controversy in excess of $50,-000, exclusive of interest and costs. 28 U.S.C. § 1332. As a federal court sitting in diversity jurisdiction, this Court will apply the substantive law of the forum state, West Virginia. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *see also S.A. Healy Co. v. Milwaukee Metropolitan Sewerage Dist.,* 60 F.3d 305, 309–10 (7th Cir.1995).

■ Freda's concedes that its matter satisfies the diversity of citizenship provision of § 1332. However, it contends that Cargill has failed to demonstrate that it meets the amount in controversy requirement of § 1332. The removing party bears the burden of establishing the district court's jurisdiction by a preponderance of evidence. *See Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir.1993) (citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921)). Defendants may bear this burden by presenting "proof to a reasonable probability that jurisdiction exists." *Id.* (citations omitted).

Two Supreme Court cases stand for the proposition that members of a class action must **each** have the jurisdictional amount,

$50,000, in dispute. *See Snyder v. Harris,* 394 U.S. 332, 340, 89 S.Ct. 1053, 1059, 22 L.Ed.2d 319 (1969); *Zahn v. International Paper Co.,* 414 U.S. 291, 301, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973). Cargill argues that the 1990 amendments to Title 28 implicitly overrule the holdings in *Snyder* and *Zahn.* Specifically, it relies upon the new supplemental jurisdiction statute which provides:

> [I]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Cargill asserts that only one class member must have the requisite amount in controversy for this Court to have supplemental jurisdiction over the remainder of the claims. In support of this proposition, Cargill cites *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.,* 77 F.3d 928 (7th Cir.1996).

In *Stromberg,* two sub-contractors filed suit against a general HVAC contractor because it did not pay the subs. 77 F.3d at 930. The subs sued the general under the Maryland Construction Trust Fund Statute. *Id.* The Seventh Circuit first noted that sub-contractor #1 had a claim in excess of $50,-000 but that sub-contractor #2 did not. *Id.* Writing for the court, Judge Easterbrook found that § 1367 allowed the district court to exercise jurisdiction over the pendent claim of sub-contractor #2. *Id.* at 931. In the course of the opinion, the court noted that, unlike *Zahn, Stromberg* was not a class action but that the Supreme Court's opinions in *Snyder* and *Zahn* did not distinguish between class actions and other forms of suit. *Stromberg,* 77 F.3d at 931. Thus, the Seventh Circuit concluded that § 1367 had altered the previous rule established in *Zahn* that each class member must have the requisite amount in controversy at issue. *Id.* at 931–32.

The *Stromberg* decision relied heavily upon the Fifth Circuit decision of *In re Abbott Laboratories,* 51 F.3d 524, 527–29 (5th Cir. 1995). *Stromberg,* 77 F.3d at 931 ("we are reluctant to create a conflict among the circuits on a jurisdictional issue"). Interestingly, at issue in *Abbott* were the plaintiffs' allegation that the defendants had conspired to fix the price of infant formula. *Abbott,* 51 F.3d at 525. The Fifth Circuit directly addressed the issue of whether § 1367 abrogated *Snyder* and *Zahn* as to Rule 23 class actions and held that the district courts could exercise supplemental jurisdiction over the class members. *Id.* at 525, 529. Although the court did not find that the named plaintiffs must satisfy the statutory amount in controversy, it is noteworthy that the class representatives in *Abbott* had over $50,000 at issue. *Id.* at 529.

■ The Honorable Milton Shadur has addressed this very issue in the In re Lysine Antitrust cases. Judge Shadur held that the named plaintiffs must have the requisite dollar amount at issue before § 1367 would affect the court's jurisdiction over the "pendent claims" of the other class members. In so doing, he relied on *Supreme Tribe of Ben Hur v. Cauble,* 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673 (1921) and *In re Agent Orange Prod. Liab. Litigation,* 818 F.2d 145, 162 (2d Cir.1987). The *Agent Orange* court wrote:

> It is hornbook law, based on 66 years of Supreme Court precedent, that complete diversity is required only between the named plaintiffs and the named defendants in a federal class action.

*In re Agent Orange,* 818 F.2d at 162. This Court agrees with the logic employed by Judge Shadur. Therefore, the question of whether this action satisfies the amount in controversy requirement of § 1332 must be answered by examining Freda's claims.

■ Cargill merely speculates as to the amount of damages Freda's has sustained. Speculation will not bear the burden imposed by *Shaw,* 994 F.2d at 366, or *Wilson,* 257 U.S. at 97, 42 S.Ct. at 37. The arguments presented by Cargill in response to the Motion to Remand do not permit this Court to ascertain whether Freda's claim meets § 1332's requirements. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir.1992) (where a plaintiff seeks to recover an unspecified

amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy is not less than $50,000) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)).

Defendants also argue that attorneys' fees and the availability of treble damages impact the jurisdictional amount in controversy. The Supreme Court held that as a general rule, attorneys' fees are excludable in determining the amount in controversy. *Missouri State Life Insurance Co. v. Jones*, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (1933). However, where a statute mandates or allows the payment of such fees, that sum can be considered in determining whether a plaintiff has satisfied § 1332. *Id.; Velez v. Crown Life Insurance*, 599 F.2d 471, 474 (1st Cir.1979); *Cordero, Miranda & Pinto v. Winn*, 721 F.Supp. 1496, 1497 (D.Puerto Rico 1989) ("It is axiomatic that attorney's fees are not to be included in calculating jurisdictional amount unless authorized by statute"). It would seem logical to apply the same rule to treble damages. *See Kenebrew v. Connecticut General Life Ins. Co.*, 882 F.Supp. 749, 751 (N.D.Ill.1995) (looking to the treble damages proviso of state law to determine whether plaintiff met the amount in controversy).

As the West Virginia Act provides for both attorneys' fees and treble damages, this Court will attempt to determine what effect these factors have upon Freda's amount in controversy. As to the issue of treble damages, Cargill's position is unimpressive. Trebling an unknown amount of damages leads only to a second unknown. Thus, this Court finds, assuming an award of treble damages, that Cargill has not demonstrated by a preponderance of evidence that Freda's would satisfy the amount in controversy requirements.

Moving now to the issue of attorneys' fees, this Court has examined two appellate court decisions on the issue, and the decisions appear to conflict. In *Goldberg v. CPC Intern., Inc.*, 678 F.2d 1365, 1367 (9th Cir.), *cert. denied*, 459 U.S. 945, 103 S.Ct. 259, 74 L.Ed.2d 202 (1982), the court held that under California antitrust laws, the Cartwright Act,

attorneys' fees could not be attributed to the named plaintiffs alone to satisfy the jurisdictional amount. However, in *Abbott, supra*, the Fifth Circuit found that the Louisiana statute which provided for an award of attorneys' fees allowed attribution to the representative class plaintiffs. 51 F.3d at 526–27.

Freda's advocates a pro rata distribution of the award of attorneys' fees, as in *Goldberg*, 678 F.2d at 1367. Freda's argues that its suit is distinguishable from *Abbott* because the West Virginia Act does not provide for an award of attorneys' fees to the named plaintiffs. The relevant provision of the Act states:

> Any person who shall be injured in his business or property by reason of a violation of the provisions of this article may bring an action therefor and shall recover ... reasonable attorneys' fees, filing fees and reasonable costs of the action.

W.Va.Code § 47–18–9. Freda's cites *Gilman v. Wheat, First Securities, Inc.*, 896 F.Supp. 507 (D.Md.1995), as supportive of its argument in favor of a pro rata distribution of attorneys' fees. In *Gilman*, the court analyzed whether an award of attorneys' fees under the Maryland Securities Act should be attributed to the named plaintiffs. 896 F.Supp. at 510–11. The Maryland Securities Act provided that "a buyer may sue either at law or in equity ... to recover ... reasonable attorneys' fees." Md. Corps. & Ass'ns Code Ann. § 11–703(b)(1)(i) (1993). The court found that this language supported a pro rata distribution of the possible fee award. *Gilman*, 896 F.Supp. at 511.

This Court finds the West Virginia Act distinguishable from the Louisiana law examined by the Fifth Circuit in *Abbott*. The plain language of the Act awards fees to each person who has suffered an antitrust injury. In this respect, Freda's case is more similar to the statute examined in *Goldberg, supra*.

### Conclusion

For the reasons set forth herein, this Court GRANTS the Motion to Remand pending in Freda's v. ADM, et al., Case No. 96–1204.

FURTHER, this Court GRANTS the Motions to Remand pending in the following cases: Abbott v. ADM, et al., Case No. 96–1337; Batson v. ADM, et al. Case No. 96–1333; Guzman v. ADM, et al., Case No. 96–1336; MCFH v. ADM, et al., Case No. 96–1282; Noldin v. ADM, et al., Case No. 96–1335; NuLaid Foods v. ADM, et al., Case No. 96–1334; Patane v. ADM, et al., Case No. 96–1287; Rainbow Acres v. ADM, et al., Case No. 96–1286; Ricci v. ADM, et al., Case No. 96–1283; and St. Stan's Brewing v. ADM, et al., Case No. 96–1206.

FURTHER, the Motion to Remand pending in Kagome Foods, Inc. v. ADM, et al., Case No. 96–1205, has been withdrawn.