**WEST BEND ELEVATOR, INC.,
on behalf of itself and all others
similarly situated, Plaintiffs,**

v.

**RHONE–POULENC S.A., Rhone–Poulenc AG Company, Inc., Rhone–Poulenc Animal Nutrition, Inc., Degussa–Huls AG, Degussa–Huls Corporation, Mitsui & Co. U.S.A., Inc., Mitsui & Co. Ltd., Nippon Soda Company, Ltd., and Novus International, Inc. Defendants.**

No. 00–CV–0701.

United States District Court,
E.D. Wisconsin.

Sept. 15, 2000.

Timothy J. Algiers, James R. Danaher, O'Meara Eckert Pouros & Gouring, West Bend, WI, Todd R. Seelman, Diel & Seelman PC, Denver, CO, Isaac Diel, Diel & Seelman, Kansas City, MO, for Plaintiff: West Bend Elevator, Inc.

David M. Balabanian, McCutchen Doyle Brown & Enersen, San Francisco, CA, Kelly A. Hardy, Quarles & Brady, Madison, WI, Deborah P. Herman, Melissa J. Nandi, Jones Day Reavis & Pogue, Cleveland, OH, W. Stuart Parsons, Quarles & Brady, Milwaukee, WI, for Defendants: Rhone–Poulenc SA Rhone–Poulenc AG Co. Rhone–Poulenc Animal Nutrition, Inc.

John M. Clear, Bryan Cave, E. Perry Johnson, Jeffrey S. Russell, St. Louis, MO, Frank L. Steeves, John P. Rocco, Crivello Carlson Mentkowski & Steeves, Milwaukee, WI, for Defendant: Novus International.

James W. Greer, Jr., Ann M. Maher, Whyte Hirschboeck Dudek SC, Milwaukee, WI, Peter E. Halle, Tara L. Reinhart, John M Truong, Morgan Lewis & Bockius, Washington, DC, for Defendant: Degussa–Huls Corporation.

Jeffrey T. Thomas, Craig H. Millet, Kevin Roosevelt, Gibson Denn & Crutcher, Irvine, CA, for Defendant: Nippon Soda Company, Ltd.

## DECISION AND ORDER

ADELMAN, District Judge.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff West Bend Elevator, Inc., a Wisconsin corporation, sues defendants, all non-Wisconsin corporations that manufacture and distribute an amino acid known as methionine, which is used in animal feed. Plaintiff brought the action in state court alleging that defendants violated Wisconsin anti-trust law by illegally fixing the price of methionine during the period between 1985 and 2000. Plaintiff sued on its own behalf and as a representative of a class consisting of Wisconsin entities that indirectly purchased methionine manufactured by the defendants or their co-conspirators since January 1, 1985.

Plaintiff alleges that each of the defendants is liable to it and to class members for an unspecified amount of compensatory damages and, pursuant to Wis. Stat. Ch. 133, for treble damages, injunctive relief and attorney fees. Pursuant to 28 U.S.C. §§ 1441(a) and 1446 defendants removed the action to this court under 28 U.S.C. § 1331 based on diversity of citizenship. Plaintiff now moves remand to state court.

Plaintiff concedes that the parties are diverse but argues that the court lacks subject matter jurisdiction because the amount in controversy is less than $75,000.

## II. APPLICABLE LEGAL PRINCIPLES

██ A state court defendant may remove an action to federal court if the action could have been initiated in federal court. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal, and all doubt is resolved in favor of remand. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993); *see also Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc.,* 70 F.Supp.2d 888, 892 (E.D.Wis.1999). The burden of showing that federal jurisdiction exists falls on the party seeking a federal forum. *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997). When a plaintiff files suit in federal court, the amount in controversy claimed by the plaintiff in good faith generally will be determinative on the issue of jurisdictional amount, unless it appears to a legal certainty that the claim is for less than that required by the rule. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *NLFC, Inc. v. Devcom Mid–America, Inc.,* 45 F.3d 231, 237 (7th Cir.1995). "But if the court's jurisdiction is challenged as a factual matter," *id.,* the proponent of federal jurisdiction must support its jurisdictional allegations with "competent proof," *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 179, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *see Rexford Rand Corp. v. Ancel,* 58 F.3d 1215, 1218 (7th Cir.1995). This means that a defendant in a diversity removal action must offer evidence proving " 'to a reasonable probability that jurisdiction exists.' " *Gould v. Artisoft, Inc.,* 1 F.3d 544, 547 (7th Cir.1993); (quoting *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 & n. 2 (7th Cir.1993)).

██ " 'Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount.' " *Cadek v. Great Lakes Dragaway, Inc.,* 58 F.3d 1209, 1211 (7th Cir.1995) (quoting *Bell v. Preferred Life Assurance Soc.,* 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943)); *see also Sharp Elec. Corp. v. Copy Plus, Inc.,* 939 F.2d 513, 515 (7th Cir.1991). Where punitive damages are required to satisfy the jurisdictional requirement in a diversity case, the first question is whether punitive damages are recoverable as a matter of state law. *Anthony v. Security Pac. Fin. Servs., Inc.,* 75 F.3d 311, 315 (7th Cir.1996). If the answer is yes, the court has subject matter jurisdiction unless it is clear "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." *Id.* (internal quotation marks and citation omitted); *see also Risse v. Woodard,* 491 F.2d 1170, 1173 (7th Cir.1974). However, when a claim for punitive damages makes up the bulk of the amount in controversy, and may even have been colorably asserted solely to confer jurisdiction, the claim must be scrutinized closely. *Anthony,* 75 F.3d at 315. And, once again, where the basis for the punitive damage claim is challenged the proponent of federal jurisdiction must provide competent proof of the jurisdictional facts. *Id.; see also Wellness Community–National v. Wellness House,* 70 F.3d 46, 49 (7th Cir.1995).[1]

1. For a thoughtful discussion of the obvious although often unacknowledged tension between the proposition that the proponent of federal jurisdiction must prove jurisdiction to a reasonable probability as stated in *McNutt,* and the principle that courts will accept plaintiff's good faith allegation of the amount in controversy unless it appears to a legal certainty that the claim is really for less than

■ In a class action at least one named plaintiff must satisfy the jurisdictional minimum. *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir.1997). If it does, the unnamed class members can, by virtue of supplemental jurisdiction conferred on the federal district courts by 28 U.S.C. § 1367, piggyback on that plaintiff's claim. *Id.* In determining whether the jurisdictional amount is met, I generally look at plaintiff's state court complaint along with the record as a whole, and I am limited to considering the facts existing at the time of removal. *Unified Catholic Sch. of Beaver Dam Educ. Ass'n v. Universal Card Servs. Corp.*, 34 F.Supp.2d 714, 717 (E.D.Wis.1999).

## III. ANALYSIS

### A. Compensatory Damages

■ Plaintiff could have but did not specify an amount of damages in its complaint, presumably because it did not want the case removed to federal court. Wisconsin Statute § 802.02(1m) bars claimants from specifying damages in tort cases, but this is an antitrust case and the statute is inapplicable.[2] Defendants argue that the jurisdictional minimum may reasonably be inferred from the complaint, which alleges (1) a fifteen year price-fixing conspiracy in a $1.3 billion per year industry, 88 percent of which is controlled by three defendants, and (2) that Wisconsin's agriculture industry extensively uses methionine. The allegations in the complaint, however, are very general, and defendants do not provide additional evidence concerning the damages that an individual plaintiff might rea-

sonably expect to obtain. Defendants, for example, present no evidence of the dollar volume of methionine indirectly purchased by any Wisconsin plaintiff or what portion thereof might be attributable to the alleged antitrust conduct. Thus, defendants do not meet their burden of showing to a reasonable probability that compensatory damages will exceed $75,000.

### B. Treble Damages

■ Defendants also base their claim to federal jurisdiction on plaintiff's demand for treble damages. Wisconsin Statute § 133.18(1)(a), under which plaintiff proceeds, provides that a successful plaintiff "shall recover threefold the damages sustained by the person and the cost of the suit, including reasonable attorney fees." Further, under Wisconsin law treble damages are a type of punitive damages. *See John Mohr & Sons, Inc. v. Jahnke*, 55 Wis.2d 402, 409–11, 198 N.W.2d 363 (1972) (indicating that an action for treble damages is punitive in nature and all damages in excess of actual damages are punitive); *Kink v. Combs*, 28 Wis.2d 65, 80, 135 N.W.2d 789 (1965) (stating that in antitrust suits for treble damages the injured party receives "the equivalent of punitive damages"). Thus, plaintiff's demand for treble damages brings into play the previously stated jurisdictional principles relating to punitive damage claims.

In cases where punitive damages are required to satisfy the jurisdictional minimum I ask first whether punitive damages are recoverable under state law. *Anthony*, 75 F.3d at 315. As indicated above,

the jurisdictional amount as set forth in *St. Paul Mercury* see Alice M. Noble–Allgire, *Removal of Diversity Actions When the Amount in Controversy Cannot be Determined From the Face of Plaintiff's Complaint: The Need for Judicial and Statutory Reform to Preserve Defendant's Equal Access to Federal Courts*, 62 Mo. L.Rev. 681 (1997).

**2.** Plaintiff could have ensured against removal by waiving the right to recover more than the jurisdictional minimum, *In re Brand Name Prescription Drugs*, 123 F.3d at 607, but has not done so.

the answer to this question is yes. The relevant Wisconsin statute provides that a successful plaintiff shall receive treble damages. Under the jurisdictional principles previously set forth, because the plaintiff is entitled to punitive damages under state law, this court has subject matter jurisdiction unless it is clear beyond a legal certainty that plaintiff would under no circumstances be entitled to recover the jurisdictional amount. *Id.* Based on the allegations in the complaint I cannot conclude that it is clear beyond a legal certainty that plaintiff could not recover an amount exceeding the jurisdictional minimum. First, there is no statutory bar to plaintiff recovering damages exceeding $75,000. Second, nothing in plaintiff's factual allegations suggests that a plaintiff could not recover over $75,000. In fact, for an individual plaintiff to fail to exceed the jurisdictional amount its actual damages would have to be lower than $25,000, which spread over the fifteen years of the alleged conspiracy would be an average of about $1,700 per year.

Thus, this court has subject matter jurisdiction unless one of the other jurisdictional principles previously identified requires a different conclusion. Because this is a case where the claim for punitive damages makes up the bulk of the amount in controversy I must scrutinize the claim closely. *Id.* However, as previously discussed, plaintiff's treble damage claim is authorized by statute and supported by detailed factual allegations. Therefore, there is no reason to doubt its legitimacy. Further, the claim was clearly not asserted solely to confer federal jurisdiction because the party asserting the claim, the plaintiff, opposes a federal forum.

Plaintiff, however, challenges defendants' contention that the treble damage claim is sufficient to confer federal jurisdiction. As discussed, if the court's jurisdiction is challenged as a factual matter the party invoking jurisdiction must support its jurisdictional allegations with probative evidence. *Anthony,* 75 F.3d at 315; *NLFC,* 45 F.3d at 237. Plaintiff, however, does not challenge the *factual* basis on which defendants invoke jurisdiction, which, after all, consists of the allegations in plaintiff's complaint and plaintiff's claim for treble damages. Plaintiff is hardly in a position to argue against the assertions in its own complaint. Thus, plaintiff and defendants do not differ with respect to the facts underlying the treble damage claim, and consequently there is no need for defendants to provide additional evidence of such damages. Rather, plaintiff disagrees only with defendants' conclusion that plaintiff's claim for treble damages is sufficient to confer federal jurisdiction. However, as I have discussed, the governing legal principle is that where a plaintiff seeks punitive damages a federal court has subject matter jurisdiction unless it is clear beyond a legal certainty that the plaintiff will not be able to recover the jurisdictional amount. And, as I have stated, there is no such legal certainty in this case. Thus, plaintiff's claim for treble damages is sufficient to satisfy the amount in controversy requirement, and this court has subject matter jurisdiction of the case.

Most of the Seventh Circuit cases on which the foregoing analysis is based— *Anthony, Cadek* and *Risse*—involved situations where the plaintiffs sought federal jurisdiction based on their own punitive damage claims. In *Sharp,* however, the defendant in the state court action filed a petition in federal court seeking to stay a state court action and compel arbitration— an action analogous to removal. Moreover, notwithstanding that plaintiffs may generally choose their forum and that removal statutes are construed narrowly, the same analysis that applies to cases in which plaintiffs seek a federal forum should also apply when a defendant re-

moves a case with a punitive damage claim authorized by state law and based on factual allegations indicating it could exceed the jurisdictional minimum. It would be fundamentally unfair to permit a plaintiff to seek punitive damages which could exceed the jurisdictional minimum while at the same time preventing a diverse defendant from removing without providing additional evidence of its own culpability.

### C. Attorneys Fees

Plaintiff also seeks recovery of attorneys fees and defendants argue that attorneys fees are an additional reason that the amount in controversy requirement is satisfied. Although I have already determined that this court has jurisdiction, for the sake of completeness I will briefly discuss attorneys fees.

■■ Where a litigant has a right based on contract, statute or other legal authority to an award of attorneys fees if he prevails in the litigation, a reasonable estimate of those fees may be included in determining whether the jurisdictional minimum is satisfied. *Mo. State Life Ins. Co. v. Jones,* 290 U.S. 199, 202, 54 S.Ct. 133, 78 L.Ed. 267 (1933); *Ross v. Inter-Ocean Ins. Co.,* 693 F.2d 659, 661 (7th Cir.1982). Under Wisconsin law a successful litigant in an antitrust case can recover reasonable attorneys fees. *See* Wis. Stat. §§ 133.16 ("The party commencing or maintaining the action ... may demand and recover the cost of suit including reasonable attorneys fees."), 133.18(1) ("[A]ny person injured directly or indirectly ... shall recover ... the cost of the suit, including reasonable attorney fees.").

■■ Neither of these statutes, however, limit the recovery of fees to the named plaintiff, thus, when determining the amount of fees that might be awarded to an individual plaintiff I allocate the fees to class members on a pro rata basis. *See In re High Fructose Corn Syrup Antitrust Litig.,* 936 F.Supp. 530, 533 (C.D.Ill.1996). Moreover, a recent Seventh Circuit decision indicates that the inquiry regarding attorneys fees is limited to evidence of such fees at the time of removal. *Gardynski-Leschuck v. Ford Motor Co.,* 142 F.3d 955, 958–59 (7th Cir.1998). Plaintiff has presented an affidavit indicating that fees incurred at the time of removal were $30,000.

Defendants base their claim that attorneys fees will affect the amount in controversy on the fact that there have been large fee awards in other antitrust cases. However, fee awards in unrelated cases are not probative of possible fees in this case. Moreover, if I consider only fees generated at the time of removal and allocate those fees to class members on a pro rata basis, it is clear that an award of attorneys fees will only marginally affect the amount in controversy.

### D. Injunctive Relief

Defendants assert but do not develop an argument that the value of injunctive relief sought by plaintiff in connection with the other forms of relief sought establishes the amount in controversy. Although it is proper to consider a defendant's costs of complying with an injunction in determining the amount in controversy, *In re Brand Name Prescription Drugs,* 123 F.3d at 609, defendants present no evidence attempting to quantify such costs. Thus, on this point there is no evidence in the record for me to consider.

### IV. CONCLUSION

Based on the foregoing analysis I find that the amount in controversy exceeds $75,000 and that this court therefore has subject matter jurisdiction.

THEREFORE, IT IS HEREBY OR-
DERED that plaintiff's motion to remand
is DENIED.