Peter T. PREVAS, Plaintiff,

v.

CHECKMATE INVESTIGATIVE SERVICES, INC., et al., Defendants.

Civil No. AMD 96–3769.

United States District Court, D. Maryland.

Dec. 16, 1996.

Peter A. Prevas, Baltimore, MD, William H. Murphy, Jr., Baltimore, MD, David Manoogian, Washington, DC, for plaintiff.

Andrew Januitto, Mudd, Harrison & Burch, Towson, MD, Ernest Allen Cohen, Tucson, AZ, for defendants.

## ORDER

DAVIS, District Judge.

The decades-old struggle of many plaintiffs to try actions in state court, against the vigorous efforts of many defendants to remove cases to federal court for trial, has never been an evenly-matched contest. This is partly because plaintiffs have the benefit of (1) a *presumption against* federal jurisdiction, which is supplemented by the (2) "general principle that the removal statute is to be strictly construed." *Sun Buick, Inc. v. Saab Cars USA, Inc.,* 26 F.3d 1259, 1267 (3d Cir.1994). *See Murray v. State Farm Fire and Cas. Co.,* 870 F.Supp. 123, 124–25 (S.D.W.Va.1994); *Hill v. General Motors Corporation,* 654 F.Supp. 61, 62–63 (S.D.Fl. 1987). *Cf. Mulcahey v. Columbia Organic Chemicals Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994).

The case *sub judice* has visited this Court once before. In *Prevas v. Hopkins,* 905 F.Supp. 271 (D.Md.1995), I dismissed without prejudice, in part, and remanded to state court, in part, claims asserted by the plaintiff against his labor union, several of its officers and a private investigation firm. I concluded, *inter alia,* that although the case had been properly removed from state court under the complete preemption doctrine of familiar and well-settled principles of federal labor law, *see Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 406 n. 5, 108 S.Ct. 1877, 1881, 100 L.Ed.2d 410 (1988); *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 209, 105 S.Ct. 1904, 1910, 85 L.Ed.2d 206 (1985), nevertheless, plaintiff should be required to exhaust his administrative remedies. Thus, some claims were dismissed without prejudice, and some claims (against the non-union entity) were remanded to state court, and the case was closed on this Court's docket.

Plaintiff has now done two things. First, he has exhausted, at least in part, the remedies available to him under the union constitution. Second, and more importantly for present purposes, during the pendency in state court of the remanded claims, he has amended his complaint to remove any and all claims purporting to rest upon the union constitution or by-laws, or even arguably relying on any aspect of federal labor law. Moreover, he has declined to assert *any* claims against his union or against the officers of the union in their official capacity; instead, he has asserted mere invasion of privacy and civil conspiracy claims against two union officials, each in his individual capacity.[1]

Ignoring the effect of plaintiff's amendments, the union officers have removed this case, contending that "[t]his Court has jurisdiction over the matter because the second amended complaint is the *epilogue* to the federal questions raised by his original complaint." Notice of Removal, at ¶ 8 (emphasis supplied).[2] I have not been able to find an

---

1. Indeed, so determined is plaintiff to make certain that the Court fully understand the nonfederal basis for his claims, he alleges: "Plaintiff is not asserting any claims of violation of the Union Constitution, By–Laws or Federal Labor Laws. No interpretation of the Union Constitution, By–Laws or Federal Labor Laws is required to determine the State Common Law torts claimed herein." Second Amended Comp., Cir. Ct. Baltimore City, No. 95025044/CL191614. I am not impressed by this disclaimer, however; the issue of federal subject matter jurisdiction turns on an assessment of the substance of the allegations of the Second Amended Complaint (in light of the Notice of Removal), and not on the basis of plaintiff's characterization of the allegations.

2. The case is notable for the bursts of creative pleading that is evident on both sides; the removing defendants have exercised a measure of poetic license in their answer in an effort to meet the artistry manifested by plaintiff. For example, in response to plaintiff's allegation that defendants "have made it explicitly clear that they did not act on behalf of the union ...," the removing defendants have asserted that "[t]hey admit that [plaintiff] has alleged that [defendants] acted in their official capacities and/or on behalf of the [union]." Thus, in the particular jurisdictional minuet danced by the parties here, this Court is faced with an irrelevancy, which has been controverted by a non-sequitur.

**570**

"*epilogue*" subsection in the removal statute, which is always to be read strictly. In any event, contrary to defendants' supposition, the law is clear that the complete preemption doctrine should not be interpreted to extinguish all state-law tort claims of union members against other union members. *See Jackson v. Kimel,* 992 F.2d 1318, 1325–1327 (4th Cir.1993) (intentional infliction of emotional distress claim not preempted against employer) (clarifying *McCormick v. AT & T Technologies, Inc.,* 934 F.2d 531 (4th Cir. 1991) (en banc)); *Lee v. Pfeifer,* 916 F.Supp. 501, 509 (D.Md.1996) (assault claim against supervisor not preempted) ("[T]he expansive language of [the collective bargaining agreement] should not be broadly construed to relate to every interaction between an employer and an employee. To hold otherwise would mean every tort relating to the work place would be preempted—a result *McCormick* neither supports nor requires.' *Jackson,* 992 F.2d at 1326."); *cf. Marion v. Virginia Electric & Power Co.,* 52 F.3d 86, 88–89 (4th Cir.1995) (action on oral contract not preempted simply because oral contract borrowed terms from collective bargaining agreement).

Here, plaintiff has elected to abandon any claim requiring an interpretation of the union constitution or by-laws; as the master of his claim, he is indisputably entitled to make that choice. This is not an instance in which a case has been stayed pending exhaustion, and a plaintiff has sought to oust a federal court's jurisdiction after a proper removal. This case is a wholly new action brought to this Court under the removal statute. Subject matter jurisdiction is plainly lacking and therefore the case must be remanded.[3]

Accordingly, it is this 16th day of December, 1996, by the United States District Court for the District of Maryland, *sua sponte,*

1) ORDERED THAT THIS CASE IS REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY; and it is further

2) ORDERED that the Clerk CLOSE THIS CASE; and it is further

3) ORDERED that the Clerk MAIL copies of this Order to counsel of record.

---

3. In light of the remand, I need not and do not consider the union's motion to intervene, which is open for determination by the state court.