Mary **BRIDDELLE**, Plaintiff,

v.

**T & J FOODS, INC., et al., Defendants.**

**No. CIV. AMD 98–3185.**

United States District Court,
D. Maryland.

Sept. 28, 1998.

---

Morton Edelstein, Baltimore, MD, for plaintiff.

David B. Love, Baltimore, Ruth M. DeCoursey, Towson, MD, for defendants.

### ORDER

DAVIS, District Judge.

I have observed that:

The decades-old struggle of many plaintiffs to try actions in state court, against the vigorous efforts of many defendants to remove cases to federal court for trial, has never been an evenly-matched contest. This is partly because plaintiffs have the benefit of (1) a presumption against federal

jurisdiction, which is supplemented by the (2) "general principle that the removal statute is to be strictly construed." *Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1267 (3d Cir.1994). *See Murray v. State Farm Fire and Cas. Co.*, 870 F.Supp. 123, 124–25 (S.D.W.Va.1994); *Hill v. General Motors Corporation*, 654 F.Supp. 61, 62–63 (S.D.Fl.1987). *Cf. Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994).

*Prevas v. Checkmate Inves. Servs., Inc.*, 951 F.Supp. 568, 569 (D.Md.1996). The validity of this truism is once again made plain in this case.

The Plaintiff cleverly split her claims against the Defendants into two separate state court cases. In one case, she alleged race discrimination and sex harassment claims under Title VII against her corporate employer only. The Defendant timely removed that case to this court, and it is pending before me. *Briddelle v. T & J Foods, Inc.*, Case No. AMD 98–2622.

In the other case, she alleged state law claims of assault and battery against her corporate employer and its principals based on the same underlying events. The Defendants in the latter case, notwithstanding the clear absence of diversity of citizenship and despite the absence of a federal claim, have purported to remove the case. They assert, in effect, that because the supplemental jurisdiction statute, 28 U.S.C. § 1367, would permit a federal court to exercise jurisdiction over non-diverse claims joined in *one* action with federal claims, Plaintiff's election to split her claims into *two* actions should not be allowed to defeat the right to remove all the claims they would otherwise enjoy. I disagree. My research discloses that there is no authority for the proposition that the supplemental jurisdiction statute might serve as a stand-alone basis for the removal of an action filed in state court which contains no federal claims, and the defendants have cited none.*

Accordingly, it is this 28th day of September, 1998, by the United States District Court for the District of Maryland, ORDERED *sua sponte*,

(1) That this case is REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY; and it is further ORDERED

(2) That the Clerk of the Court shall CLOSE THIS CASE and TRANSMIT a copy of this Order to the attorneys of record in this case and in Case No. AMD 98–2622.

---

\* *Chicago v. International College of Surgeons*, 522 U.S. ——, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997), cited by Defendants, does not so hold. In that case, *inter alia*, the Supreme Court merely sustained the exercise of supplemental jurisdiction over state law claims which were joined in one action with federal question claims.