John A. MATTINGLY, Sr.

v.

HUGHES ELECTRONICS CORP., et al.

No. CIV.A. DKC 99–2785.

United States District Court, D. Maryland.

July 31, 2000.

John A. Mattingly, Jr., Mattingly & Weiskopf, California, MD, for plaintiff.

Patrick James Attridge, King & Attridge, Rockville, MD, for defendant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Plaintiff has filed a class action complaint against Hughes Electronics Corporation and its subsidiary, DIRECTV, Inc., on behalf of "thousands of residential and commercial subscribers" of Defendants' satellite television services and programming. Plaintiff alleges, *inter alia,* that Defendants charged excessive late fees to their Maryland customers, and asserts various statutory and common law claims. The complaint contains four counts: Count I is for violations of the Maryland Consumer Protection Act; Count II for charging "unlawful liquidated damages;" Count III for "liquidated dam-

ages impermissible by statute;"[1] and Count IV for "breach of implied covenant of good faith and fair dealing." In his complaint, Plaintiff seeks compensatory damages equal to the late fees collected by Defendants, plus interest thereon, injunctive relief prohibiting Defendants from charging excessive late fees in the future, unspecified civil penalties under the Maryland Consumer Protection Act, unspecified punitive damages, and costs and attorneys' fees.

■■■ Plaintiff originally filed this suit in the Circuit Court for St. Mary's County, but Defendants removed the action to this court, asserting diversity jurisdiction. Plaintiff has moved to remand the case for lack of subject matter jurisdiction, claiming the amount in controversy does not exceed $75,000. *See* 28 U.S.C. § 1332(a). The removal statutes are to be strictly construed and all doubts resolved against removal. *Green v. H & R Block, Inc.*, 981 F.Supp. 951, 953 (D.Md.1997) (citing *Prevas v. Checkmate Investigative Servs., Inc.*, 951 F.Supp. 568, 569 (D.Md.1996)). The burden of establishing federal jurisdiction in a removal action is on the defendant. *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)); *Gilman v. Wheat, First Securities, Inc.*, 896 F.Supp. 507, 508 (D.Md.1995) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). When, as here, the plaintiff's complaint does not specify a particular amount of damages, the removing defendant must prove by a preponderance of the evidence that plaintiff's claims meet the amount in controversy requirement. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir.1996); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993); *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993); *Sayre v. Potts*, 32 F.Supp.2d 881, 885 (S.D.W.Va.1999); *Garza v. Bettcher Indus., Inc.*, 752 F.Supp. 753, 763 (E.D.Mich.1990).

■■■ Although this case has not been certified as a class action, the court will treat it as such for purposes of determining jurisdiction. *See Gilman*, 896 F.Supp. at 509. The general rule in class action litigation is that the claims of the class members may not be aggregated to meet the minimum jurisdictional amount. *Snyder v. Harris*, 394 U.S. 332, 338, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). An exception to the non-aggregation rule is recognized, however, when the class members have a "common and undivided interest" in the claim. *Zahn v. International Paper Co.*, 414 U.S. 291, 294, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). In *Zahn*, the Court stated:

> "When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount."

*Id.* (quoting *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40–41, 32 S.Ct. 9, 56 L.Ed. 81 (1911)).[2] The individual class

---

1. This count was brought under § 2–718 of the Commercial Law Article. The court notes that § 2–718 likely does not apply to this case because a contract for the transmission of satellite television programming is not a "transaction in goods." *See* Md.Code Ann., Com. Law I § 2–102; *Kaplan v. Cablevision of Pa., Inc.*, 448 Pa.Super. 306, 671 A.2d 716, 724 (1996) (supplying cable television programming is not a "transaction in goods" under the Uniform Commercial Code).

2. Whether the supplemental jurisdiction statute, 28 U.S.C. § 1367, overruled the requirement that "the demand of *each* be of the requisite jurisdictional amount" has not been definitively resolved by the Supreme Court. *See Free v. Abbott Labs. (In re Abbott Labs.)*, 51 F.3d 524, 529 (5th Cir.1995) (finding that § 1367 overruled *Zahn*, permitting district courts to exercise supplemental jurisdiction over class members whose claims do not meet the jurisdictional amount), *aff'd by an equally divided court,* —— U.S. ——, 120 S.Ct. 1578,

members' claims for actual damages in this action are separate and distinct demands arising from the imposition of late fees ranging from $2.81 to $5.00 per billing cycle. It is clear that no individual satisfies the amount in controversy requirement with regard to actual damages, and Defendant correctly recognizes that the claims for actual damages cannot be aggregated to meet the jurisdictional amount.

Defendants contend, however, that the amount in controversy requirement has been met because: (1) Plaintiffs are seeking civil penalties in excess of $75,000 under the Maryland Consumer Protection Act that are payable as an aggregated sum to the State; (2) the value of the injunctive relief sought by Plaintiffs exceeds $75,000; (3) the claim for attorneys' fees, which is personal to Mattingly as the lead plaintiff and not allocated among the class, will exceed $75,000; and (4) the potential punitive damages award, which should be aggregated for jurisdictional purposes, exceeds $75,000.

### A. Punitive Damages

■ Defendants argue that each class member has "an undivided claim for the full amount of the punitive damages because the purposes of punitive damages . . . is not to vindicate a particular individual's rights or to compensate an individual plaintiff, but to protect society by punishing and deterring wrongful conduct." Therefore, Defendants contend, the punitive damages claims of the class plaintiffs should be aggregated for jurisdictional purposes.[3] A similar argument was considered and rejected by Judge Davis of this court in *Green:*

> "Punitive damages asserted on behalf of a class may not be aggregated for jurisdictional purposes where, as here, the underlying cause of action asserted on behalf of the class is not based upon a title or right in which the plaintiffs share, and as to which they claim, a common interest. To hold otherwise, and aggregate punitive damages even when the actual damages could not be aggregated, 'would eviscerate the holding of *Snyder* and *Zahn* and would run counter to the strict construction of the amount-in-controversy requirement those cases mandate.'"

*Green,* 981 F.Supp. at 954 (quoting *Gilman v. BHC Securities, Inc.,* 104 F.3d 1418, 1430–31 (2d Cir.1997) (quoting *Visintine v. Saab Auto., A.B.,* 891 F.Supp. 496, 498 (E.D.Mo.1995))). Here, each class member's claim for punitive damages arises out of conduct on the part of Defendants that allegedly injured each class member separately and individually. The claim for punitive damages, like the claim for compensatory damages, was " 'brought together in a class action only for the convenience of the plaintiffs,' " and not to vindicate a single undivided right. *Gilman,* 104 F.3d at 1430 (quoting *Bishop v. General Motors Corp.,* 925 F.Supp. 294, 298 (D.N.J.1996)). Therefore, the punitive damages claim cannot be aggregated to satisfy the jurisdictional amount.

### B. Attorneys' Fees

■ Most courts addressing the issue have concluded that potential attorneys' fees in a class action should be attributed

---

146 L.Ed.2d 306 (2000). The courts of appeals have reached different conclusions on the issue. *Compare In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir.1997) (finding that if one named plaintiff satisfies the jurisdictional minimum, § 1367 permits other class members to "piggyback" on that plaintiff's claim into federal court even though their own claims are for less than the jurisdictional minimum (citing *Abbott,* 51 F.3d at 527–29)) *with Leonhardt v. Western Sugar Co.,* 160 F.3d 631, 640–41

(10th Cir.1998) (finding that § 1367 did not overrule *Zahn* 's holding that each plaintiff in a diversity-based class action must meet the jurisdictional amount in controversy under § 1332).

3. Defendants do not contend that any individual's claim for punitive damages exceeds $75,000, and rely solely on the aggregation argument to establish jurisdiction.

pro rata to each class member when determining whether the amount in controversy requirement is met. *See, e.g., Goldberg v. CPC Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir.1982); *Spielman v. Genzyme Corp.,* 193 F.R.D. 19, 21 (D.Mass.2000); *Peterson v. BASF Corp.,* 12 F.Supp.2d 964, 973–74 (D.Minn.1998); *Ratliff v. Sears, Roebuck & Co.,* 911 F.Supp. 177, 179 (E.D.N.C. 1995); *Gilman,* 896 F.Supp. at 510–11 & n. 7. Defendants, however, relying on *Free v. Abbott Laboratories (In re Abbott Laboratories),* 51 F.3d 524 (5th Cir.1995), contend that potential attorneys' fees should be attributed to the named plaintiff only. The *Abbott* court recognized the general rule that fees must be attributed on a pro rata basis, *see id.* at 526, but attributed all potential attorneys' fees to the named plaintiffs because the relevant Louisiana statute specifically provided for an award of fees to the "representative parties." *Id.* In this case, the statute under which plaintiffs are claiming attorneys' fees provides: "Any person who brings an action to recover for injury or loss under this section and who is awarded damages may also seek, and the court may award, reasonable attorney's fees." This statute does not provide that the fees should be awarded exclusively to the named plaintiffs in a class action. Rather, each member of the class, as a person who brought an action to recover for loss under the Act, would be eligible to recover attorneys' fees. The holding of *Abbott,* therefore, is inapposite, and the rule against aggregation applies to the request for attorneys' fees.

Defendants have not even suggested that the pro rata share of attorneys' fees for each of the "thousands of residential and commercial subscribers" constituting the putative class would exceed the jurisdictional amount. Accordingly, the amount in controversy requirement cannot be satisfied on the basis of the attorneys' fees requested in the complaint.

## C. *Value of Injunctive Relief*

■ Defendants next argue that the value of the injunctive relief sought by Plaintiffs "is far greater that $75,000" and should not be pro rated among the class because the class members have a common, undivided interest in the injunctive relief sought. Defendants have produced an affidavit indicating that an injunction affecting the amount of late fees they can charge their Maryland customers would cost them more than $75,000 in the aggregate. The court, however, must look to the individual pro rata value of the injunction to determine whether there is jurisdiction. *See Gilman,* 896 F.Supp. at 511–12 & n. 9, and cases cited therein. No individual class member has a sufficient amount in controversy based on their individual pro rata share of the value of the injunction. Therefore, the injunctive relief sought is not a basis for finding that the amount in controversy requirement has been met.

## D. *Civil Penalties Under the Maryland Consumer Protection Act*

■ Finally, Defendants argue that the amount in controversy requirement is satisfied because plaintiffs are seeking civil penalties in excess of $75,000 under the Maryland Consumer Protection Act that are payable as an aggregated sum to the State. This argument fails for two reasons. First, and foremost, is that plaintiffs are not authorized under the Maryland Consumer Protection Act to seek civil penalties on behalf of the State of Maryland. Section 13–408, which authorizes a private right of action for violations of the Act, provides that "any person may bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by this title." This private remedy is purely compensatory; it contains no punitive component. *Golt v. Phillips,* 308 Md. 1, 12, 517 A.2d 328, 333 (1986). The imposition of a civil penalty is a punitive assessment that can only be recovered by the State in a civil action under § 13–410. *See id.;* Md.Code Ann., Com. Law II § 13–410(c). A private plain-

tiff does not have standing to pursue civil penalties against a party that violates the Act. Thus, it is legally impossible for Plaintiffs to recover civil penalties under the Act in this case. Because it appears to a "legal certainty" that the claim for civil penalties is without merit, it cannot be considered by the court in determining whether the jurisdictional amount is met. *See Wiggins v. North Am. Equitable Life Assur. Co.*, 644 F.2d 1014, 1017–18 (4th Cir.1981) (claim for punitive damages that was clearly precluded under Maryland law could not be considered in determining amount in controversy); *Schaefer v. Aetna Life & Cas. Co.*, 910 F.Supp. 1095, 1100–01 (D.Md.1996) (same); *FLF, Inc. v. World Pubs., Inc.*, 999 F.Supp. 640, 643–44 (D.Md.1998) (claims for indemnity and unjust enrichment that were precluded under Maryland law could not be considered in determining whether jurisdictional amount was satisfied); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938) ("[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."). Alternatively, even assuming Plaintiffs could pursue civil penalties, the non-aggregation rule of *Snyder* and *Zahn* would apply and preclude Plaintiffs from satisfying the jurisdictional amount.[4]

For the foregoing reasons, the court finds that Defendants have not shown by a preponderance of the evidence that the amount in controversy requirement has been met. This court, therefore, does not have jurisdiction over the subject matter of this suit and shall remand the case back to the Circuit Court for St. Mary's County.

A separate Order will be entered.

---

**4.** Defendants have produced no evidence that the civil penalties attributable to any individu-al class member would meet the jurisdictional minimum.

## ORDER

In accordance with the accompanying Memorandum Opinion, IT IS this day of July, 2000, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion by Plaintiff to remand BE, and the same hereby IS, GRANTED;

2. This matter BE, and the same hereby IS, REMANDED to the Circuit Court for St. Mary's County;

3. Pursuant to 28 U.S.C. § 1447(c), the Clerk will mail a certified copy of this Order to the Clerk of the Circuit Court for St. Mary's County; and

4. The Clerk is directed to transmit a copy of this Order and the accompanying Memorandum Opinion to counsel for the parties and CLOSE this case.