Christina Renee LAW, Tamara L. Worthy, Jarrell Wilson, Diane E. Miller, Jean A. Pavlovich, Mary Beth Pebbles Whiddon, Adam P. Lucas and Adrian D. Smith, Jr., Plaintiffs

v.

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 37, Defendant

No. CIV.AMD 01–2480.

United States District Court, D. Maryland.

Jan. 3, 2002.

Marvin Ellin, Ellin and Baker, Baltimore, MD, for plaintiffs.

Andrew Janquitto, Towson, MD, for defendant.

MEMORANDUM

DAVIS, District Judge.

Pending before the court is defendant's motion to dismiss this action for lack of subject matter jurisdiction. Although (paradoxically, as it turns out) the plaintiffs oppose the motion, I agree with the defendant that this court lacks, and indeed never had, subject matter jurisdiction over this case. Accordingly, as subject matter jurisdiction is plainly absent, I shall remand the case to the Circuit Court for Baltimore City, from which defendant removed the case to this court.

The facts may be briefly summarized as follows. The eight plaintiffs are former employees of Omni House Health Behavioral Services, Inc., which operates a health care facility in Anne Arundel County, Maryland. During the spring of 2001, authorized agents of the defendant union local undertook an organizing campaign with the aim of creating a bargaining unit at Omni. In the course of the organizing campaign, the plaintiffs engaged in picketing and related collective action. Plaintiffs allege in their state court complaint that they received repeated assurances from union representatives and union attorneys that their activities were lawful and that they were protected from adverse action by their employer. In fact, Omni decided that, because its facility was a "health care institution," the picketing by plaintiffs, without the ten-day notice set forth in 29 U.S.C. § 158(g), was unlawful. Thus, Omni suspended and then terminated the employment of the eight plaintiffs. Ac-

cordingly, plaintiffs (who contend that Omni acted lawfully when it terminated their employment) sued the union local on the basis of *respondeat superior* for negligent misrepresentation under Maryland law. Each plaintiff seeks $500,000 compensatory damages.

Asserting that the state court complaint presented a claim for breach of the duty of fair representation, even though none of the plaintiffs ever became a member of the union, and that, more generally, "the complaint involves the rights of employees and the Union's organizing activities ... *[s]ee* 29 U.S.C. §§ 151, 157, 158, 159, and 185," *see* Notice of Removal at ¶¶ 1, 3, defendant removed the case to this court. Plaintiffs did not move to remand the case for lack of subject matter jurisdiction. Some discovery having been taken, now pending is the defendant's motion to dismiss for lack of subject matter jurisdiction.

■ The theory that plaintiffs' claim is an artfully pled federal claim under the "complete preemption" doctrine familiar to federal labor law, *see* 28 U.S.C. §§ 1441(a) & (b), 1446; *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 406 n. 5, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988); *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 209, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), is not well taken. The removal statutes are to be strictly construed, and all doubts are to be resolved against removal. *Prevas v. Checkmate Investigative Services, Inc.*, 951 F.Supp. 568, 569 (D.Md. 1996); *see* 14A C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure*, § 3721 at 216–217, n. 88, 89 (1987) (collecting cases). A federal court must satisfy itself that subject matter jurisdiction is present. Here, the defendant, as the party asserting federal jurisdiction, bears the burden of establishing that the case is properly in federal court. *McNutt v. Gen-*

*eral Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

■ It is clear that, as defendant itself now argues, this court lacks jurisdiction because manifestly, plaintiffs' claim is not a "disguised" federal claim, but simply a state law claim as to which there may exist a preemption *defense*. Of course, I express no opinion as to the efficacy of any preemption *defense* to plaintiffs' claim that the defendant may have available to it, and which is the gist of defendant's argument in support of its motion to dismiss. *See Brawn v. Coleman*, 167 F.Supp.2d 145 (D.Mass.2001)(remanding case removed by a union and one of its officers on the basis of complete preemption); *see also Livadas v. Bradshaw*, 512 U.S. 107, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994). In sum, remand (not dismissal) is required here because this court lacks subject matter jurisdiction and it never has had subject matter jurisdiction. An order follows.

## ORDER

For the reasons stated in the foregoing Memorandum, it is this 3rd day of January, 2002, by the United States District Court for the District of Maryland, ORDERED

(1) That Defendant's motion to dismiss is NEITHER GRANTED NOR DENIED; and it is further ORDERED

(2) That this court lacks subject matter jurisdiction over this case and therefore this case IS REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY; and it is further ORDERED

(3) That the Clerk CLOSE THIS CASE and TRANSMIT a copy of this Order and the foregoing Memorandum to counsel of record.