dismiss Count IV of the First Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, I will grant the defendant's motion to dismiss the claims of prima facie tort and civil conspiracy in Counts III and IV. I will also grant the motion to dismiss Count II, with leave to plaintiff to amend his claims for tortious interference under section 766 of the second restatement.

### ORDER

For the reasons given in the accompanying Memorandum of even date, it is hereby

**ORDERED** that the claims of prima facie tort and civil conspiracy in Counts III and IV are **DISMISSED** pursuant to Rule 12(b)(6); and it is further

**ORDERED** that Count II is **DISMISSED WITHOUT PREJUDICE** with leave to amend the claims for tortious interference under section 766 of the Restatement (Second) of Torts, as provided in the accompanying Memorandum.

Lloyd **ARNOLD**, et al., Plaintiffs

v.

**INTERVET, INC.,** Defendant

No. CIV. AMD 03–267.

United States District Court, D. Maryland.

May 12, 2003.

---

**3.** Defendant has not moved to dismiss the unrelated claim in Count III that Marriott's sale of property acquired to an investment group was an illegal transaction and should be set aside by this Court.

William Alden McDaniel, Jr., McDaniel and Griffin, Baltimore, MD, for Plaintiffs.

Donald L. DeVries, Jr., Kamil Ismail, Goodell, DeVries, Leech and Dann LLP, Baltimore, MD, for Defendant.

## MEMORANDUM

DAVIS, District Judge.

Plaintiffs are the owners of racehorses stabled in Maryland. Defendant is a manufacturer/marketer of animal vaccines. Plaintiffs sued defendant in the Circuit Court for Kent County, Maryland, alleging state law damages claims for economic injuries they incurred when, after their horses were inoculated with one of defendant's products against a common equine malady, the horses became ill and rendered unable to participate in thoroughbred racing. Specifically, plaintiffs allege claims for negligence, strict liability, breach of implied warranty, and breach of express warranty.

Diversity of citizenship jurisdiction is not available as complete diversity is absent. Therefore, relying on the alleged preemptive effect of the Virus, Serums, Toxins, Antitoxins and Analogous Products

Act, 21 U.S.C. §§ 151, *et seq..* ("the Act"), and the regulations issued thereunder by the Secretary of the United States Department of Agriculture, 9 C.F.R. §§ 101–124, defendant purported to remove this case to this court on the basis of federal question jurisdiction. Although plaintiffs did not file a motion to remand the case to state court, I *sua sponte* directed the parties to brief the issue of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks jurisdiction, the case shall be remanded.").

■ A defendant in a civil action filed in state court may remove the case to federal court only if it could have been brought in federal court originally. *Darcangelo v. Verizon Communs., Inc.,* 292 F.3d 181, 186 (4th Cir.2002); 28 U.S.C. § 1441. The burden of establishing federal jurisdiction through removal is placed upon the party seeking removal. *Mulcahey v. Columbia Organic Chemicals Company, Inc.,* 29 F.3d 148, 151 (4th Cir.1994) (citing *Wilson v. Republic Iron and Steel Company,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). Where "federal jurisdiction is doubtful, a remand is necessary." *Id.* (citations omitted); *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993) ("Any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction.").

■ There can be little, if any, doubt that most common law damages claims of the sort asserted by plaintiffs here arising out of the use or administration of animal vaccines have been preempted by the regulations promulgated by the Department of Agriculture in its exercise of a plenary

authority granted by Congress to regulate the field of animal vaccines.[1] *See Symens v. SmithKline Beecham Corp.,* 152 F.3d 1050 (8th Cir.1998); *Lynnbrook Farms v. Smithkline Beecham Corp.,* 79 F.3d 620 (7th Cir.1996), *cert. denied,* 519 U.S. 867, 117 S.Ct. 178, 136 L.Ed.2d 118 (1996); *Behrens v. United Vaccines, Inc.,* 189 F.Supp.2d 945 (D.Minn.2002); *Cooper v. United Vaccines, Inc.,* 117 F.Supp.2d 864 (E.D.Wis.2000). Nevertheless, no case has held, or even intimated, that the preemptive force of the federal regulation of animal vaccines is encompassed by the "complete preemption" doctrine well known to labor law, *see Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 406 n. 5, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988); *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 209, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), and employee benefits law, *see Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 44–45, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), *Phoenix Mut. Life Ins. Co. v. Adams,* 30 F.3d 554, 558–65 (4th Cir.1994), so as to permit removal of ostensible state law claims. Specifically, no case cited by defendant (and none found by this court) has ever denied a motion to remand a case (or otherwise rejected a challenge to federal subject matter jurisdiction based on federal question subject matter jurisdiction) that was removed to federal court where plaintiff asserted, as here, solely ostensible state common law damages claims arising out of the use of an animal vaccine. To the contrary, all of the cases discussing the preemptive effect of the Act (and more pointedly, the related regulations promulgated thereunder) have seemingly understood that it was "conflict preemption" and

---

1. I say "most" such claims because there seems to be little question that an *express warranty* claim, which is one of the claims asserted by plaintiffs here, is wholly outside the area of concern addressed by Congress in

the Act. The courts seem to agree with this view. *See, e.g., Behrens v. United Vaccines, Inc.,* 189 F.Supp.2d 945, 962–66 (D.Minn. 2002).

not "complete preemption" that was at issue. *See generally City Of Charleston, South Carolina v. A Fisherman's Best, Inc.,* 310 F.3d 155, 168–70 (4th Cir.2002) (discussing principles of preemption).

 Having fully considered the parties' thoroughly researched and richly comprehensive written contentions, I am persuaded that no hearing is necessary and that, at the least, there is sufficient doubt as to the removability of this case that resort to the default rule for doubtful cases remandis the correct approach.[2] Accordingly, this case shall be remanded to the Circuit Court for Kent County and the defendant's motion for summary judgment shall be neither granted nor denied.[3] An Order follows.

### ORDER

In accordance with the foregoing Memorandum, it is this 12th day of May, 2003, by the United States District Court for the District of Maryland, ORDERED

(1) That THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION; and it is further ORDERED

2. In addition to its "complete preemption" argument, defendant also asserts that federal question subject matter jurisdiction exists directly under the Act and on the basis of the "substantial federal question" doctrine. I reject these theories, however, because I agree with plaintiffs that the federal regulation of animal vaccines *extinguishes* causes of action, it does not *create* causes of action. In any event, even assuming that an implied cause of action for damages might be available to plaintiffs under the Act or the regulations issued thereunder, plaintiffs have expressly disclaimed any intention to assert such a claim, and (despite the plaintiffs' understandable reluctance to concede the existence of even conflict preemption as to their state law claims other than their claim based on an alleged express warranty) there is simply no

(2) That the CLERK SHALL FORTHWITH REMAND THIS CASE TO THE CIRCUIT COURT FOR KENT COUNTY; and it is further ORDERED

(3) That the Clerk shall CLOSE THIS CASE.

discernible genuine dispute of *federal law* between the parties requiring resolution in this case. *See generally Little v. Purdue Pharma, L.P.,* 227 F.Supp.2d 838, 853–60 (S.D.Ohio 2002).

3. Defendants such as Intervet should not despair that state court judges will misapply federal preemption doctrines asserted as defenses to state law claims. The contrary is true. *See, e.g., Law v. International Union of Operating Engineers Local No. 37,* 178 F.Supp.2d 534 (D.Md.2002) (finding case nonremovable over assertion of complete preemption and remanding case to state court), *opinion after remand,* 373 Md. 459, 818 A.2d 1136 (2003)(affirming state trial court's dismissal based on preemption).