**Maryanne PHILLIPS, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**WHIRLPOOL CORPORATION and Sears and Roebuck and Co., Defendants.**

**Civ.A. No. 2:04–22342–18.**

United States District Court, D. South Carolina, Charleston Division.

Jan. 5, 2005.

---

J. Preston Strom, Jr., Columbia, SC, for plaintiff.

Stephen G. Morrison, Robert W. Foster, Jr., Columbia, SC, for defendants.

**ORDER**

NORTON, District Judge.

### I. Background

On August 23, 2004, plaintiff Maryanne Phillips (plaintiff or "Phillips") filed the instant action in the Colleton County Court of Common Pleas "on behalf of herself and all others similarly situated" (the "Class") against defendants Whirlpool Corporation ("Whirlpool") and Sears and Roebuck and Co. ("Sears") (collectively referred to as defendants). Plaintiff's complaint (the "Complaint") alleges causes of action for (1) breach of express warranty, (2) breach of implied warranty of merchantability, (3) breach of implied warranty of fitness for a particular purpose, and (4) violations of the South Carolina Unfair Trade Practices Act. In her Prayer for Relief, plaintiff asks for treble damages and for costs and attorneys' fees to be taxed to defendants and that she and the Class "have and recover damages from Whirlpool and Sears in an amount to be determined by a jury, but in no event

exceeding $74,999.00 per class member,... including treble damages ...."

On September 24, 2004, defendants removed the action to this court based on diversity of citizenship grounds. On October 25, 2004, plaintiff moved to have the action remanded to Colleton County, arguing that her claims do not meet the amount in controversy necessary to give this court diversity jurisdiction. The parties exhausted their opportunities for response and reply and were heard on December 15, 2004. The court now issues its ruling.

## II. Plaintiff's motion to remand

Plaintiff argues that she and the Class have simply not asked for damages in an amount greater than $75,000; therefore, this court does not have diversity of citizenship jurisdiction. Defendants counter that plaintiff has asked for up to $74,999.00 in actual damages, that she has further asked that these actual damages be trebled, and that she has asked for attorneys' fees that should be included in the amount in controversy inquiry—all pushing the amount in controversy over the required threshold.

## A. Standard of review

 The removing party bears the burden of proving subject matter jurisdiction upon a motion for remand; therefore, defendants bear the burden in this motion.

_Wilson v. Republic Iron & Steel Co._, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Furthermore, circuit courts have observed that "the removal statute should be strictly construed and all doubts resolved in favor of remanding the case back to state court." _Abels v. State Farm Fire & Cas. Co._, 770 F.2d 26 (3d Cir.1985) (cited with approval in an unpublished Fourth Circuit opinion at _Wilkins v. Corr. Med. Sys._, 2005 WL 53883, 1991 U.S.App. LEXIS 8279 (4th Cir.1991)).

## B. Analysis

Plaintiff claims that this court lacks subject matter jurisdiction over the present case. Section 1332 of Title 28 of the United States Code provides, in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between[diverse parties] ...." As there is no dispute about the diversity of the parties, the narrow issue before this court is whether the amount in controversy in the present case exceeds $75,000.[1]

Because damages cannot be accurately quantified until a jury sets them, the issue in this case is how the court should determine the amount in controversy at this stage of litigation. This court has addressed that very issue at least twice in

---

1. The parties agree that in a class action such as the present case, where

 there are "separate and distinct claims by two or more plaintiffs, the determination of the amount in controversy is based upon each plaintiff's claims and not upon the aggregate." _Glover v. Johns–Manville Corp._, 662 F.2d 225, 231 (4th Cir.1981) (citing _Zahn v. Int'l Paper Company_, 414 U.S. 291, 293–96, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).) However, in _Rosmer v. Pfizer_, 263 F.3d 110 (4th Cir.2001), the Fourth

 Circuit recently held that if a named representative plaintiff has a claim in excess of $75,000, a federal court has jurisdiction over the entire class based on supplemental jurisdiction under § 1367. Therefore, under _Zahn_, as interpreted by _Rosmer_, this court has subject matter jurisdiction over the entire class if at least one of the named plaintiffs has a claim exceeding $75,000. _Id._

 _Spann v. Style Crest Prods._, 171 F.Supp.2d 605, 607 (D.S.C.2001).

the last three years.[2] In *Spann*, it recognized that:

> The Fourth Circuit has not decided the proper standard in a motion to remand for determining whether the amount in controversy exceeds $75,000. In cases in which the plaintiff has not specified a damage claim, courts have required defendants justifying the removal of a case to federal court based on diversity jurisdiction to meet one of at least four different standards to show that the amount in controversy has been satisfied: (1) "legal certainty," (2) "preponderance of the evidence," (3) "reasonable probability," and (4) inverse legal certainty . . . .

*Spann v. Style Crest Prods.*, 171 F.Supp.2d 605, 607 (D.S.C.2001) (internal citations omitted). After rejecting the fourth standard ("[t]his court declines to adopt the so-called 'inverse legal certainty' standard because it essentially shifts the burden of showing grounds for removal from the defendant to the plaintiff"), the court held that "[a]pplying any of the other three standards, the defendants fail to meet their burden of showing that any of the plaintiffs has a claim exceeding $75,000." *Id.* at 607–08. Later in the opinion, the court—at least impliedly—also rejected the second standard by declining to adopt *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995), which held that pleading below the jurisdictional minimum may be ignored if a defendant can show by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional amount, though the court found that defendants had failed to even meet that burden. *Id.* at 609. As such, this court has been unwilling to adopt the more lenient standards put forward by

defendants in comparable situations and leans toward requiring defendants in this position to show either to a "legal certainty" or at least within "reasonable probability" that the amount in controversy has been satisfied.

▪ Additionally, this court has made clear that, ordinarily, the sum claimed by a plaintiff in her complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction. *Jones*, 258 F.Supp.2d at 427; *Spann*, 171 F.Supp.2d at 608 (both citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); *see also* Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, 14A Federal Practice and Procedure § 3702 ("Plaintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.")). On that subject, this court has noted that it will not adopt any approach under which the court will be required to undertake its own independent review of the amount in controversy despite a specific limitation on damages in the plaintiff's complaint. *Jones*, 258 F.Supp.2d at 428 n. 2 (citing *Spann*, 171 F.Supp 2d at 608–09).

Plaintiff's Complaint alleges that "no individual class member has suffered damages greater than or equal to $74,999.00 . . . . Plaintiff does not seek to represent any person who may have suffered damages equal to or in excess of $74,999.00

---

**2.** *Jones v. Allstate Ins. Co.*, 258 F.Supp.2d 424 (D.S.C.2003); *Spann v. Style Crest Prods.*, 171 F.Supp.2d 605 (D.S.C.2001).

...." (Compl. at ¶ 5.) Plaintiff's Complaint further prays that "Plaintiff and the Class have and recover damages from Whirlpool and Sears in an amount to be determined by a jury, but in no event exceeding $74,999.00 per class member, ... including treble damages." (Compl. at 13, ¶ 3.) Plaintiff argues several times in her briefs to this court that the washing machines that are the subject of this case cost between $800–$900, and that each plaintiff's damages would likely not exceed three times that amount. (Pl.'s Mem. in Supp. of Mot. to Remand at 5 n. 1, 8, 9; Pl.'s Reply at 3.) She continues that based on those figures, and based on her further argument that any award of attorneys' fees would have to be considered pro rata, an award of attorneys' fees would have to exceed $70,000 per plaintiff in order for this case to meet the jurisdictional amount—a number she denies defendants can show is likely under any standard of proof.

While defendants do not contest the price of the washing machine stated by plaintiff, they do challenge her ability to argue that price after removal, stating that "the plaintiff should not be allowed to limit damages, after removal, so as to defeat jurisdiction." (Defs.' Mem. in Opp'n to Pl.'s Mot. to Remand at 4.) Defendants go on to argue that plaintiff seeks damages "as high as $74,999" and then seeks to treble those damages and add attorneys' fees.

■ The court does not agree that plaintiff's Complaint intends to seek damages as high as $74,999.00 and then requests to treble those damages. Plaintiff's Complaint states that the Class seeks damages "in no event exceeding $74,999.00 per class member, ... including treble damages." Rather than suggesting that plaintiff is seeking damages approaching $74,999, this language looks merely to be

informing the court that the ultimate amount in controversy will not reach the relevant number—plaintiff clearly states "including treble damages." In other words, plaintiff puts the court and defendants on notice that whatever amount of damages she obtains, even if trebled, will not reach $74,999.00. This notice, gleaned from the Complaint—though not specific, is the relevant information in a motion to remand. The relevant information is not plaintiff's subsequent arguments about the actual price of the washing machine at issue. As such, the present case is one where the Complaint is not specific about damages and where defendants bear the burden to show the amount in controversy meets the jurisdictional minimum. The court finds that defendants have not met their burden to a legal certainty or a reasonable probability. Defendants' arguments regarding reference in the Complaint to damage to the Class's clothes, repeated repairs to machines, and "inconvenience and annoyance" are unavailing. In the court's view, plaintiff has shown that she neither intends to recover nor believes the amount in controversy to exceed $75,000, and defendants have not shown otherwise. For that reason, plaintiff's Complaint is sufficiently limiting as to the amount of damages so as to prevent this court from asserting diversity jurisdiction and to leave only the question of whether attorneys' fees provide the means for such an assertion.

■ It is relatively clear that where statutory provisions authorize the recovery of attorneys' fees, those fees may be included as part of the amount in controversy. *See Saval v. BL. Ltd.*, 710 F.2d 1027, 1033 (4th Cir.1983). With that understood, defendants' main argument is that any amount over $1 in attorneys' fees would push plaintiff's claim for recovery over the jurisdictional minimum. First, the court

has already discussed defendants' theory regarding damages, and the same logic applies when attorneys' fees are included; i.e., the language in the Complaint is intended to show to the court and defendants that the plaintiff does not believe any recovery includable in the amount in controversy inquiry to be sufficient to confer jurisdiction on this court, and defendants have not shown otherwise. Second, defendants argue that the attorneys' fees should not necessarily be distributed pro rata among the Class and, if all attorneys' fees are credited to the named plaintiff, her recovery could exceed $75,000.

The court finds that distributing any attorneys' fees pro rata is the better approach in this case. "The standard approach to awards of attorney's fees in a class action context is to distribute them pro rata to all class members, both named and unnamed." *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 455 (5th Cir.2001) (citing *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365 (9th Cir.1982), which held that either attributing all attorneys' fees to only the named plaintiffs or considering the fee award of the whole class for diversity purposes would conflict with the United States Supreme Court decision in *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), wherein that Court held that the "matter in controversy" requirement must be satisfied by each member of the plaintiff class). While other circuits have recognized an exception to this rule, *see Free v. Abbott Lab. (In re Abbott Lab.)*, 51 F.3d 524, 526 (5th Cir.1995), and district courts in the Fourth Circuit have acknowledged that exception, *see Mattingly v. Hughes Elecs. Corp.*, 107 F.Supp.2d 694, 698 (D.Md.2000), it has only been applied when the statutory language that converts attorneys' fees into a right includable in the amount in controversy inquiry

specifically says that the named class "representatives" get the attorneys' fees. *Id.* (citing *Free*, 51 F.3d at 526).

█ In the present case, the South Carolina Unfair Trade Practices Act provides: "Upon the finding by the court of a violation of this article, the court shall award to the person bringing such action under this section reasonable attorney's fees and costs." S.C.Code Ann. § 39–5–140(a). While defendants argue that this language is sufficient to show that the attorneys' fees go to only the named plaintiff in this case because she "brought the action," the statute is devoid of any reference to a "representative" as well as any other indication that the legislature intended any recovered attorneys' fees to go only to the named party of a class action. Without such an indication from the legislature, the court finds that the better approach is to divide any recovery of attorneys' fees pro rata. Having established that this case is appropriate for pro rata distribution, the inquiry again turns on damages and an equal division of attorneys' fees, which the court has already found insufficient for jurisdiction.

### III. Conclusion

It is therefore,

**ORDERED**, for the foregoing reasons, that plaintiff's motion to remand this case to the Colleton County Court of Common Pleas is **GRANTED**.[3]

**AND IT IS SO ORDERED.**

---

3. The court would request the parties to give the Honorable Perry M. Buckner its regards.