**Philmore MCKENZIE, and others similarly situated Plaintiffs**

v.

**OCWEN FEDERAL BANK FSB, c/o Resident Agent CSC Lawyers Incorporating Serv. Defendant**

No. RWT 03–CV 3057.

United States District Court, D. Maryland.

Jan. 9, 2004.

Douglas B. Bowman, Scott C. Borison, Legg Law Firm LLC, Frederick, MD, for Plaintiff.

Brian Paul Brooks, Paul Gerard Griffin, O'Melveny and Myers LLP, for Defendant.

## MEMORANDUM OPINION

TITUS, District Judge.

Plaintiff's Class Action Complaint, originally filed in the Circuit Court for Prince George's County on or about September 16, 2003, contains six counts, which the Court has slightly rephrased: Claim under Md.Code Ann., Comm. Law § 12–121 (Count I); Violation of Md.Code Ann., Comm. Law § 12–1027 (Count II); Breach of Contract (Count III); Violation of the Maryland Consumer Debt Collection Act (Count IV); Declaratory Judgment (Count V); and Preliminary and Permanent Injunction (Count VI). The general allegations underlying this suit are that in May of 2001, "the servicing of Plaintiff's loan was transferred to the Defendant" and that Defendant "adds fees and charges to the Plaintiff's account that are neither permitted by the loan agreement including some that are specifically prohibited by applicable law. The fees include inspection fees that are prohibited under Maryland law." Compl. ¶¶ 4 and 6.

On October 23, 2003, asserting federal jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1367, Defendant filed in this Court a Notice of Removal under 28 U.S.C. § 1441. Judge Deborah K. Chasanow issued a Standing Order of Removal on October 27, 2003.[1]

The Plaintiff has filed a Motion to Remand Action pursuant to 28 U.S.C. § 1447(c). Plaintiff makes two arguments. First, Plaintiff argues that because the loan at issue was not "originated" by a national bank, Defendant, to whom "servicing" of the loan was subsequently transferred, cannot claim preemption under the Home Owners Loan Act ("HOLA"), codified at 12 U.S.C. §§ 1461–1470. Second, Plaintiff contends that the damages claimed, related to "inspection fees" charged by Defendant, do not amount to $75,000.00. Defendant responds that removal is proper under the complete preemption doctrine as articulated in *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003), under the substantial federal question doctrine, and under diversity jurisdiction involving more than $75,000.00 in controversy.

## DISCUSSION

Preliminarily, the Court notes that Defendant's Memorandum is replete with numerous caustic comments concerning Plaintiff's arguments, including a negative reference regarding "the brevity of Plaintiff's remand brief." Such comments are not helpful to the Court and do not serve well the interests of the client. *See* Preamble to Md. Rules of Prof. Conduct (stating that "[a] lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officers.").

### A. Complete Preemption

Contrary to Defendant's assertion, the complete preemption doctrine, as recently articulated in *Beneficial*, is inapplicable in this case. In *Beneficial*, the Supreme Court observed that removal is permitted in only two circumstances. First, where Congress expressly so provides, as under the Price Anderson Act, codified at 42 U.S.C. § 2014(hh), which the Court noted "not only gives federal courts jurisdiction over tort actions arising out of nuclear accidents but also expressly provides for removal of such actions brought in state court even when they assert only state-law

---

1. This case was reassigned to the undersigned on November 24, 2003.

claims." *Beneficial,* 123 S.Ct. at 2062–64. Second, where a federal statute wholly displaces a state-law cause of action through complete preemption. *Id.* With respect to the latter, the Court explained that a federal statute is completely preemptive when it "provide[s] the *exclusive* cause of action for the claim asserted." *Id.,* 123 S.Ct. at 2063 (emphasis added). The Court cited 29 U.S.C. §§ 1132 (civil claims under ERISA)[2] and 185 (suits under the LMRA)[3] as examples of statutes providing an exclusive cause of action and through which the Court has found complete preemption. *Id.*

In *Beneficial,* the Court addressed the removability of state-law usury claims on the ground of preemption by the National Bank Act, particularly §§ 85 (providing the rate of interest on loans) and 86[4]. The Court found that those sections created the sole law and remedy as to claims of unlawful interest rates against national banks. *Id.,* 123 S.Ct. at 2064. As such, the Court stated that there was "no such thing as a state-law claim of usury against a national bank[,]" and held that §§ 85 and 86 "supercede[d] both the substantive and remedial provisions of state usury laws[.]" *Id.*

Misapplying the holding in *Beneficial,* Defendant argues that "consumer claims instituted in state court that challenge regulated practices of federally chartered financial institutions are subject to removal." Contrary to Defendant's assertion, *Beneficial's* holding is not so broad. As noted above, in *Beneficial* the Court specifically analyzed §§ 85 and 86 of the National Bank Act. In the case *sub judice,* Defendant's complete preemption argument relies on HOLA, specifically 29 U.S.C. §§ 1463(a) and 1464(a). Defendant argues that because HOLA and its relevant regulations expressly preempt all state laws purporting to regulate or limit mortgage servicing fees imposed by federally chartered banks, Plaintiff's "ostensibly state-law claims are completely displaced by operation of federal law." Defendant points to 12 U.S.C. § 1463(a) and § 1464(a), which authorize preemption of state laws affecting the operations of Federal savings associations, and pursuant to which 12 C.F.R. § 560.2(b) preempts state laws purporting to impose requirements regarding:

(5) Loan-related fees, including without limitation, initial charges, late charges,

---

2. Section 1132 provides in part:
(e) Jurisdiction. (1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this title brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 101(f)(1) [29 USCS § 1021(f)(1)]. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

3. In part, § 185 provides:
(c) Jurisdiction. For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization . . . .

4. Section 86 "Usurious interest; penalty for taking; limitations" provides:

The taking, receiving, reserving, or charging a rate of interest greater than is allowed by section 85 of this title, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: Provided, that such action is commenced within two years from the time the usurious transaction occurred.

prepayment penalties, servicing fees, and overlimit fees;

...

(10) Processing, origination, servicing sales or purchase of, or purchase of, or investment or participation in, mortgages;

12 C.F.R. § 560.2(b)(5) and (10). However, notwithstanding that HOLA may preempt the state-laws on which Plaintiff relies, the HOLA provisions on which Defendant's complete preemption argument is based do not provide an exclusive cause of action. Defendant points to no such language and neither has the Court's research revealed any such provision. Defendant's suggestion that OTS' consumer remedy program, identified in the Internet printout attached to Defendant's memorandum as "Customer Service Plan/Consumer Assistance Guide," provides a federal remedy falls short of the clear Congressional intent expressed in §§ 85 and 86 of the National Bank Act and in 29 U.S.C. §§ 1132 and 185. Whether or not HOLA preempts the Maryland statutes relied on by Plaintiff, may provide Defendant with the defense of preemption. Such a defense, however, does not justify removal. *Beneficial,* 123 S.Ct. at 2063 (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

**B. Substantial Federal Question**

■ In order to determine whether a plaintiff's right to relief necessarily depends on a substantial federal question, the court must examine the complaint. *Wireless Tel. Radio Freq. Emissions Prod. Liab. Litig.,* 216 F.Supp.2d 474, 481 (D.Md.2002). Defendant compares its case to *Wireless,* where Judge Catherine C. Blake observed that federal jurisdiction will lie where the federal interest at stake is substantial. *Id.* Defendant argues that the federal interest at stake in this action is substantial because OTS' regulation of the mortgage loan servicing activities of federally regulated lenders, such as itself, is intended to foster the growth of a uniform national market for affordable credit. *See* 12 C.F.R. § 560.2(a). Defendant's reliance on *Wireless* is, however, misplaced. *Wireless* involved a multidistrict litigation action brought by those purporting to represent all cell phone purchasers who had not been diagnosed with brain-related diseases, and who were not provided with headsets when they purchased their telephones. In that case, Judge Blake examined plaintiffs' complaint and found that the "allegations put the validity of the federal regulations, and the process by which they were developed, directly into dispute." *Id.* at 488. Accordingly, Judge Blake observed that:

[a]ny court faced with such ... requested remedy necessarily must evaluate whether the FCC has been authorized by Congress to act as the final authority on the regulation of RF emissions from wireless phones, *and whether the current RF requirements promulgated by the FCC adequately protect the public's health. Indeed, the FCC has already considered and rejected a headset requirement. Thus, a state imposed headset rule necessarily invalidates the national standard. A suit to invalidate a federal regulation as unreasonable arises under federal law.*

*Id.* at 488–89 (emphasis added). In this case, Plaintiff's Class Action Complaint generally alleges that Defendant "adds fees and charges to the plaintiff's account that are neither permitted by the loan agreement including some that are specifically prohibited by applicable law [i.e., Md. Code Ann., Comm. Law §§ 12–121, 12–1027 and 14–201 *et seq.*]." Compl. ¶¶ 6, 18, and 21. Plaintiff also requests "[a] preliminary and permanent injunction prohibiting Defendant from seeking to charge or collect inspection fees not permitted by the

loan agreements." *Id.* ¶ 34a. Plaintiff's allegations do not appear to challenge the validity of a federal regulation in any way. Neither has Defendant persuaded the Court otherwise. While Defendant argues that the statutory provisions relied on by Plaintiff are preempted by HOLA, Defendant points to no federal regulation addressing the imposition of inspection fees. Accordingly, Defendant has not shown how Plaintiff's suit attempts to invalidate a federal regulation. Essentially, Defendant's argument is that of preemption. However, as already noted, such defense does not equate with removability. *See Beneficial,* 123 S.Ct. at 2063 (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

### C. Diversity Jurisdiction Involving More than $75,000.00 in Controversy

▇▇▇▇ The burden rests with Defendant to establish by a preponderance of the evidence that the matter in controversy exceeds the value of $75,000.00. *See Mattingly v. Hughes Elec. Corp.,* 107 F.Supp.2d 694, 696 (D.Md.2000). Multiple plaintiffs with separate and distinct claims must each satisfy the requirements of 28 U.S.C. § 1332. *Id.* at 697. The individual class members' claims for actual damages in this action are separate and distinct demands arising from the imposition of inspection fees assessed at a cost of $7.75 per billing cycle. Defendant fails to explain how *any* class member may satisfy the amount in controversy.

Defendant argues that a jury verdict for emotional distress, as claimed in Count IV of the Complaint, is likely to exceed $75,000.00, but provides no authority for the proposition that the Court should consider prior jury awards for emotional distress damages in analyzing the jurisdictional amount requirement under § 1332. Lastly, Defendant's cursory allegation regarding Plaintiff's request for attorneys' fees does not attempt to suggest how the *pro rata* share of attorneys' fees for each of the "hundreds of customers" constituting the putative class would exceed the jurisdictional amount. *See, e.g., Mattingly,* 107 F.Supp.2d at 698 (stating, "potential attorneys' fees in a class action should be attributed pro rata to each class member when determining whether the amount in controversy is met.").

### CONCLUSION

The Court having concluded that neither federal question, nor diversity jurisdiction exists in this matter, the action must be remanded to the Circuit Court for Prince George's County.

### *ORDER*

Having considered Plaintiff's Motion to Remand Action, Defendant Ocwen Federal Bank's Memorandum in Opposition to Plaintiff's Motion to Remand, Plaintiff's Reply to Defendant's Opposition to Motion to Remand Action, and for the reasons stated in the Memorandum Opinion filed in conjunction with this Order, it is this 9th day of January, 2004, by the United States District Court for the District of Maryland,

**ORDERED** that Plaintiff's Motion to Remand Action [Paper No. 11] is, and shall be, **GRANTED**; and it is

**FURTHER ORDERED** that this action is, and shall be, **REMANDED** to the Circuit Court for Prince George's County.

In accordance with this Order, the Clerk of the Court is directed to **CLOSE** the case.