Freunscht v. BankNorth, NA                 CV-04-024-JD  03/17/04
               UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


Catherine Freunscht

       v.                              Civil No. 04-024-JD
                                       Opinion No. 2004 DNH 051
BankNorth, NA


                          O R D E R


       The plaintiff brought a class action suit in state court,

seeking a declaratory judgment and statutory damages pursuant

to New Hampshire Revised Statutes Annotated ("RSA") § 361-A.

The defendant removed the action to this court asserting that

the plaintiff's claims were preempted by federal law.  The

plaintiff moves to remand the case for lack of subject matter

jurisdiction.

       An action brought in state court may be removed to an

appropriate federal district court, if the federal court has

original subject matter jurisdiction.  28 U.S.C. § 1441.

Subject matter jurisdiction is determined from the face of the

complaint filed in state court unless, in unusual cases, "a

claim, though couched in the language of state law, implicates

an area of federal law for which Congress intended a

particularly powerful preemptive sweep."  Danca v. Private

Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999).  In

that narrow exception to the rule, the claim is "necessarily

federal in character." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).

"Thus, a state claim may be removed to federal court in only two circumstances--when Congress expressly so provides, such as in the Price-Anderson Act, . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2063 (2003). To date, the Supreme Court has found complete preemption only in causes of action under the Labor Management Relations Act, the Employee Retirement Income Security Act, possessory land claims by Indian tribes, and usury claims under the National Bank Act. Id. at 2063-64. The defendant bears the burden of showing subject matter jurisdiction for removal based on complete preemeption. Danca, 185 F.3d at 5.

In the case removed to this court, the plaintiff alleged that when she and others in the proposed class bought cars, the dealers arranged for financing which included up front charges for insurance coverage on the loans.[1] When they paid

---

[1]Although the plaintiff has filed an amended complaint here, jurisdiction is determined from the complaint filed in state court. See Danca, 185 F.3d at 4. In any case, the contract claim added in the amended complaint provides no additional grounds for federal jurisdiction.

2

off the loans before the prepaid insurance coverage expired, the plaintiff alleges, the defendant, holding the note on their car financing loans, did not notify the credit insurer that the loan was paid, as is required by state law. Due to the lack of notice from the defendant, the credit insurers did not refund the unearned premiums.

The plaintiff contends that the defendant's failure to provide notice violated RSA 361-A:7, IV-a. She seeks a declaratory judgment that the defendant's conduct violated RSA 361-A:7, IV-a, and an injunction to prevent future violations. She also seeks an award of actual damages and a refund, pursuant to RSA 361-A:11, III, of all finance charges paid to the defendant.

In opposition to the plaintiff's motion to remand, the defendant asserts that "[t]his Court's subject matter jurisdiction over this case flows from the matrix of federal statutes and regulations--including the National Bank Act, OCC regulations, and the rights and remedies provided in the Truth in Lending Act--and their preemption of RSA 361-A's notice requirement as it applies to national banks." Opposition at 3. The defendant then provides background on the doctrine of preemption, the history of the National Bank Act, and a long and strained presentation on the interrelationship of certain

3

federal statutes and regulations. The defendant has not, however, shown that Congress expressly provided for preemption of state statutes like RSA 361-A:7 and :11 or that a federal statute wholly displaces the cause of action alleged by the plaintiff under RSA 361-A:7. See Beneficial, 123 S. Ct. at 2063; see also Wilson v. Bank of Am. Corp., 2004 WL 443881 (S.D. Miss. Feb. 20, 2004); JK & E P'ship v. Chase Manhattan Bank, 2004 WL 97543 (E.D.N.Y. Jan. 16, 2004); McKenzie v. Ocwen Fed. Bank FSB, 2004 WL 383374 (Jan. 9, 2004).

Therefore, the defendant has not carried its burden of showing that federal subject matter jurisdiction exists in this case. In the absence of an adequate showing of subject matter jurisdiction, the case is remanded to state court. The defendant shall pay the plaintiff "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).


### Conclusion

For the foregoing reasons, the plaintiff's motion to remand (document no. 7) is granted. The plaintiff's motions for class certification (document no. 12) and to stay (document no. 13) are terminated without ruling due to a lack of subject matter jurisdiction. The defendant shall pay the

4

plaintiff's costs and expenses pursuant to § 1447(c).


The clerk of court shall remand this case to the Superior Court for the Northern District of Hillsborough County, New Hampshire.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

March 17, 2004

cc:  David A. Anderson, Esquire
     Peter W. Culley, Esquire
     Edward K. O'Brien, Esquire