WYNN, Circuit Judge,
dissenting:
Plaintiffs Herbert and Rosetta McFadden filed state-law claims in a state court. Only one of the three named defendants, Flagstar Bank, FSB, took action to remove the case from state court to federal court. *232 And it did so on only one ground: purported federal question jurisdiction.
On appeal, Defendant Samuel I. White, P.C. (“White”) argued, for the first time ever, that even in the absence of federal question jurisdiction, it was fraudulently joined as a defendant and thus diversity jurisdiction also exists. Neither Flagstar Bank nor Federal National Mortgage Association (“Fannie Mae”) advanced this argument in their jointly-filed brief.
Nevertheless, on appeal, this Court ignores the stated ground for removal — federal question jurisdiction — and “hold[s] that the district court did not err in denying the McFaddens’ motion to remand, because the court had diversity jurisdiction over the McFaddens’ claims....” In short, the majority bases federal jurisdiction on a ground that Defendants failed to properly preserve. With this, I cannot agree. Because I believe that the McFaddens’ state-law claims should be sent back to state court, I respectfully dissent.
I.
Herbert and Rosetta McFadden went to state court, with state-law claims against Fannie Mae, Flagstar Bank, and White. The McFaddens alleged that they applied for a loan modification for their home mortgage, but that Flagstar Bank repeatedly lost their modification materials, stymying the process. The McFaddens alleged that they received a foreclosure notice but that Flagstar Bank affirmatively told them “not to worry,” that their loan modification was “in process,” and that “no foreclosure would occur” while that process was ongoing. J.A. 10. Instead, however, the McFaddens’ home was foreclosed upon, allegedly improperly by White, with Flagstar Bank itself the high bidder at the foreclosure sale. The McFaddens, in turn, brought claims to quiet title, to set aside foreclosure, and for fraud, breach of contract, negligence, and violation of Virginia’s Consumer Protection Act in the Circuit Court for the County of Pulaski.
The sole party to file a notice of removal was Flagstar Bank.[1] Its lone reason: federal question jurisdiction. Flagstar Bank claimed that the McFaddens’ state-law claims were completely preempted or, alternatively, presented a substantial federal question such that they were removable to federal court. Nowhere in its notice of removal did Flagstar Bank even suggest that the McFaddens’ complaint was removable on diversity grounds due to alleged fraudulent joinder. The only place Flags-tar Bank, then along with Fannie Mae, suggested that the McFaddens had fraudulently joined White was in the final two paragraphs of the 15-page brief in opposition to the McFaddens’ motion to remand the matter to state court. Perhaps realizing that their belated and cursory treatment of this issue below was insufficient to preserve it, Flagstar Bank and Fannie Mae made not a single mention of this purported basis for removal in their appel-lee brief. Indeed, as this panel noted at oral argument, Flagstar Bank’s and Fannie Mae’s appellee brief failed to meaningfully argue anything beyond complete preemption as a basis for federal jurisdiction.
Meanwhile, White, the allegedly fraudulently joined defendant, never so much as hinted at this argument until the case reached this Court. Indeed, at oral argument, White plainly admitted that it should have raised the fraudulent joinder issue earlier yet inexplicably failed to do so.
*233 II.
It is axiomatic that federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Accordingly, “[w]e presume that a cause lies outside this limited jurisdiction, ... and the burden of establishing the contrary rests upon the party asserting jurisdiction.” Barbour v. Int’l Union, 640 F.3d 599, 605 (4th Cir.2011) (en banc) (quotation marks omitted).
“Removal statutes, in particular, must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns.” Id. See also Lontz v. Tharp, 413 F.3d 435, 440 (4th Cir.2005) (Wilkinson, J.) (“not[ing] our obligation ‘to construe removal jurisdiction strictly because of the ‘significant federalism concerns’ implicated’ by it”). In turn, any doubts about the propriety of removal should be resolved against the federal forum and in favor of remanding to state court. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir.2004) (en banc). Against this backdrop, the statute governing removal explicitly requires that defendants file and serve a notice containing “a short and plain statement of the grounds for removal” within thirty days of a complaint’s service. 28 U.S.C. § 1446(a). While a defendant may amend freely during the 30-day period in which notice of removal must be filed and may be allowed to correct defective allegations thereafter, a defendant may “not [ ] add a new basis for removal jurisdiction.” 16 Moore’s Federal Practice § 107.30[2][b] (3d ed.2012). Put differently, “defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon.” 14C Wright & Miller Federal Practice & Procedure, Jurisdiction & Related Matters § 3733 (4th ed.2012).
Accordingly, in In re Blackwater Security Consulting, LLC, this Court refused to deem a notice of removal amended to add a basis for federal jurisdiction not pled below. 460 F.3d 576, 590 n. 8 (4th Cir. 2006). District courts throughout this Circuit have similarly forbidden defendants from “attempting] to amend [their] Notice^] of Removal” via memoranda in opposition to motions to remand, holding that “[a] defendant may not use a memorandum to attempt to amend his notice of removal to add a basis for removal[,]” and making plain that new bases not timely asserted in the removal notice will be rejected. UMLIC Consolidated, Inc. v. Spectrum Fin. Servs. Corp., 665 F.Supp.2d 528, 533 (W.D.N.C.2009) (ordering remand to state court, holding that diversity jurisdiction was lacking, and rejecting defendant’s attempt to amend its removal notice after expiration of the 30-day removal period with arguments in remand opposition brief that a named party was not a real party in interest and that its citizenship should be disregarded). See also, e.g., Phillips v. BJ’s Wholesale Club, Inc., 591 F.Supp.2d 822 (E.D.Va.2008) (remanding to state court for lack of diversity jurisdiction, holding that diversity jurisdiction did not exist where removal notice alleged nothing about fraudulent joinder, and failure to timely raise the issue, asserted for the first time in response to a motion to remand, was not a mere technical defect that warranted leave to amend removal notice beyond the 30-day time limit); Tincher v. Ins. Co. of Penn., 268 F.Supp.2d 666 (E.D.Va.2003) (remanding and denying motion to amend removal notice to allege fraudulent joinder where no allegation of fraudulent joinder was made in notice and defendant did not raise the *234 issue until its response to plaintiffs motion to remand); Castle v. Laurel Creek Co., Inc., 848 F.Supp. 62, 64 (S.D.W.Va.1994) (remanding to state court and denying belated attempt to add fraudulent joinder allegation to notice of removal); Barnhill v. Ins. Co. of N. Am., 180 F.R.D. 46, 51 (D.S.C.1990) (Hamilton, J.) (remanding to state court and noting that “the overwhelming majority of courts allow amendment after expiration of the statutory period for removal only for the purpose of setting forth more specifically each ground for removal which had been imperfectly set forth in the original petition” but “deny leave to amend to supply missing allegations or to supply new allegations”).
As then-District Court Judge Hamilton underscored in Barnhill, “a number of compelling policy considerations ... require this court to apply a very restrictive view of amendment-at least after the statutory period for removal ... has expired.” 130 F.R.D. at 50. Those considerations include: “preventing federal court infringement upon rightful independence and sovereignty of state courts[;]” “reducing uncertainty as to the court’s jurisdiction in the marginal cases, which a more liberal construction of the removal statute would promote!;]” “allowing amendment of the notice of removal ... after the thirty day time limit for removal specified ... would ‘substantially eviscerate’ the specific time provision enacted by Congress!;]” and “conceding that the traditional justification for diversity jurisdiction-state court hostility toward nonresident defendants-has been significantly reduced since the time diversity jurisdiction was created!.]” Id. at 50-51.
Turning to the case at hand, it is clear that not one of the three named defendants raised fraudulent joinder as a basis for federal jurisdiction in the requisite removal papers. Nor did any of the three named defendants at any time move to amend the notice of removal to add any such allegations. Instead, White, the only defendant to argue diversity in its brief to this Court, plainly admitted that in doing so, it was, for the first time ever, raising fraudulent joinder and diversity jurisdiction. Flagstar Bank and Fannie Mae raised fraudulent joinder and diversity jurisdiction below only as a fleeting alternative argument in their opposition to the McFaddens’ motion to remand. And before this Court, they argued fraudulent joinder and diversity jurisdiction not once in their brief, and only half-heartedly in oral argument, when prompted to do so by this panel.
As noted during oral argument, where substantial effort has been expended, courts may view removal defects through a different lens. Indeed, the Supreme Court instructed us to do so in Caterpillar Inc. v. Lewis, 519 U.S. 61, 117 S.Ct. 467, 186 L.Ed.2d 437 (1996), holding that a district court’s failure to remand a case improperly removed on diversity grounds was not fatal to the ensuing adjudication if federal jurisdictional requirements were met when trial occurred and judgment was entered. Notably, however, the Supreme Court emphasized that “[o]nce a diversity case has been tried in federal court, with rules of decision supplied by state law ..., considerations of finality, efficiency, and economy become overwhelming.” Id. at 75, 117 S.Ct. 467 (emphasis added).
In Aqualon Co. v. Mac Equipment, Inc., this Court extended the Caterpillar rationale to dispositive motions such as summary judgment, stating:
Where a matter has proceeded to judgment on the merits and principles of federal jurisdiction and fairness to parties remain uncompromised, to disturb the judgment on the basis of a defect in the initial removal would be a waste of *235 judicial resources. Although the interest in judicial economy is most pressing where an action has proceeded to trial, we feel that the same considerations are applicable to summary judgment.
149 F.3d 262, 264-65 (4th Cir.1998).
No such compelling judicial economy or efficiency arguments exist here. This case was pending before the district court for less than a half year prior to its dismissal, Defendants had not even answered Plaintiffs’ complaint, and no discovery had been undertaken, nor anything else of substance accomplished beyond summarily denying remand in an order devoid of any analysis and granting Defendants’ motions to dismiss. On this record, there are very serious federalism implications of wresting this state-law complaint from state court, overlooking the clear pleadings failures of well-represented defendants, and ruling for the first time on appeal on the unpre-served fraudulent joinder and diversity issues.
Nor have Defendants presented any other convincing basis for maintaining this case in federal court.[2] Flagstar Bank and Fannie Mae concededly put their eggs in the complete preemption basket. Complete preemption is an exception to the well-pleaded complaint rule dictating that the basis for a federal district court’s removal jurisdiction must appear on the face of a plaintiffs complaint. The Supreme Court has read complete preemption into statutory schemes in only three contexts: Section 301 of the Labor and Management Relations Act (29 U.S.C. § 185); Section 502 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1132); and Sections 85 and 86 of the National Bank Act (12 U.S.C. §§ 85, 86). Benefi-dal Nat’l Bank v. Anderson, 539 U.S. 1, 6-11, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). I cannot imagine that it would find a fourth in the circumstances of this case.
While neither the Supreme Court nor this Court has addressed whether HOLA completely preempts state law such that it coverts exclusively state-law claims into a federal complaint, a number of district courts have held that it does not. For example, in McKenzie v. Ocwen Federal Bank, 306 F.Supp.2d 543 (D.Md.2004), the district court held that HOLA did not completely preempt the borrowers’ state-law claims against the defendant national bank for charging inspection fees prohibited by state law, and thus did not justify removal of the ease to federal court. The court noted that the HOLA provisions on which the defendant’s complete preemption argument was based do not provide an exclusive cause of action. Id. at 546. Further, the court ruled that no substantial federal question existed and that that issue boiled down to a preemption defense — which could not serve as a basis for removal. Id. at 547. The court therefore remanded.
It seems self-evident that HOLA does not completely preempt all state-law claims, including claims grounded in fraud, such as the McFaddens’. This is because the HOLA preemption regulation includes a savings clause expressly exempting certain state-law claims from HOLA’s preemptive scope. 12 C.F.R. § 560.2(c). This Court’s recent opinion in McCauley v. Home Loan Investment Bank, FSB, underscores the limited nature of HOLA preemption:
OTS “does not intend to preempt state laws that establish the basic norms that undergird commercial transac *236 tions,” and “[a]ccordingly, in § 560.2(c), the OTS has identified certain categories of state law that are not preempted.” OTS Op. Letter, Preemption of State Laws Applicable to Credit Card Transactions, 1996 WL 767462, at *5 (Dec. 24, 1996). Tort law is one of these categories. See 12 C.F.R. § 560.2(c); see also Lending & Investment, 61 Fed.Reg. at 50966 (“OTS wants to make clear that it does not intend to preempt basic state laws such as state uniform commercial codes and state laws governing real property, contracts, torts, and crimes.”). Determining that the tort of fraud falls within the scope of § 560.2 would preclude fundamental state regulation of deceptive practices in which unscrupulous savings and loan associations might engage. Such an interpretation would contravene the intent of OTS, whose “assertion of plenary regulatory authority does not deprive persons harmed by the wrongful acts of savings and loan associations of their basic state common-law-type remedies.” [In re ] Ocwen [Loan Servicing ], 491 F.3d [638] at 643 [ (7th Cir.2007) ].
710 F.3d 551, 557-58 (4th Cir.2013).
At the very least, because “we must construe removal strictly [and] reasonable doubts must be resolved against the complete preemption basis for it,” Lontz, 413 , F.3d at 441 (Wilkinson, J.), Defendants should not be allowed to force the McFad-dens to litigate their state claims in federal court on the basis of purported complete preemption.
Finally, at the end of their removal discussion in their brief, Defendants touched on the substantial federal question doctrine. “Under the substantial federal question doctrine, a defendant seeking to remove a case in which state law creates the plaintiffs cause of action must establish two elements: (1) that the plaintiffs right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial. If the defendant fails to establish either of these elements, the claim does not arise under federal law pursuant to the substantial federal question doctrine, and removal cannot be justified under this doctrine.” Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir.2005) (quotation marks and citation omitted). See also Grable & Sons Metal Prods., Inc. v. Darue Eng’g & Mfg., 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) (instructing courts to analyze whether the federal issue is necessary, disputed, and substantial, and whether the federal court’s accepting jurisdiction would disrupt the balance between state and federal judicial responsibilities).
Here, Flagstar Bank and Fannie Mae have failed to meet their burden. Flagstar Bank and Fannie'Mae assert, for example, that “the McFaddens’ fraud and other state claims require an analysis of whether Flagstar complied” with federal law. Ap-pellees’ Br. at 25. Yet this Court’s recent McCauley opinion belies that assertion. Similarly, Flagstar Bank and Fannie Mae sweepingly claim that “[b]eeause the McFaddens allege that Flagstar fraudulently handled their loan modification, the alleged misrepresentation was made in connection with the servicing of a loan. Loan servicing falls within the express preemption provision of § 560.2(b)(10), thus the district court possessed subject matter jurisdiction....” Appellees’ Br. at 27. It clearly cannot be that any act occurring “in connection with” a loan is preempted by HOLA. And we recently made plain in McCauley that any assertion to the contrary flies in the face of the law of this Circuit.
In sum, Defendants’ generalized assertions and (mis)characterizations of the McFaddens’ claims fail to demonstrate *237 that those state-law claims necessarily depend on questions of federal law so disputed and so substantial that they warrant wresting the state-law complaint from the state court in which it was filed. Further, because Defendants fail to meet their burden as to complete preemption and substantial question jurisdiction, and because they failed to allege diversity jurisdiction based on fraudulent joinder in their notice of removal and the circumstances here do not warrant looking the other way, they should not have been allowed to remove this case to federal court. Accordingly, the district court and this Court should have remanded this matter back to state court — a more than adequate forum in which Defendants would be free to assert their preemption and other defenses. For these reasons, I respectfully dissent.

. Neither Fannie Mae nor White joined the notice of removal or filed its own removal papers. Flagstar Bank’s notice of removal simply alleges, “upon information and belief, [that] both ... consent to the removal of this action.”

. The federal question basis set forth in the notice of removal presents a thorny issue. By reaching beyond Defendants' preserved basis for removal to get to diversity jurisdiction, this Court avoids the first-impression issue of whether HOLA completely preempts state law such that it coverts exclusively state-law claims into a federal complaint.